CLARK COUNTY, a Political Subdivision of the State of Nevada, Appellant, *v.* EMPIRE ELECTRIC, INC., and BLANCHARD CONSTRUCTION COMPANY, Respondents.

No. 12219

January 3, 1980                                          604 P.2d 352

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Victor W. Priebe,* Deputy District Attorney, Clark County, for Appellant.

*Rose, Edwards, Hunt & Pearson,* and *Floyd A. Hale,* Las Vegas, for Respondent Empire Electric Inc.

---

*Bell, Leavitt & Green,* and *Michael J. Grace,* Las Vegas, for Respondent Blanchard Construction Company.

## OPINION

*Per Curiam:*

Clark County has appealed from an order of the district court compelling arbitration of a dispute concerning a contract for the construction of a fire station. It is the contention of Clark County that respondent Blanchard Construction Company, the party who moved to compel arbitration with the county, waived its right to arbitrate the controversy.

Respondents have filed a motion to dismiss the appeal, arguing that the district court's order compelling arbitration is not appealable. We agree and grant the motion to dismiss.

The Uniform Arbitration Act, NRS 38.015 *et seq.,* establishes procedures which govern arbitration agreements and delineates specific orders regarding arbitration from which an appeal may be taken.[1] An order compelling arbitration is not listed therein as being subject to appeal, and is therefore not appealable. As the court noted in In re Laufman's Petition, 29 Cal.Rptr. 829, 831 (Cal.App. 1963), quoting Jardine-Matheson Co., Ltd. v. Pacific Orient Co., 280 P. 697 (Cal.App. 1929),

". . . . the fact that the Legislature saw fit to specify in one

---

[1] NRS 38.205 provides:

"1. An appeal may be taken from:

(a) An order denying an application to compel arbitration made under NRS 38.045;

(b) An order granting an application to stay arbitration made under subsection 2 of NRS 38.045;

(c) An order confirming or denying confirmation of an award;

(d) An order modifying or correcting an award;

(e) An order vacating an award without directing a rehearing; or

(f) A judgment or decree entered pursuant to the provisions of NRS 38.015 to 38.205, inclusive.

2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."

code section the different orders and judgment from which appeals may be taken clearly indicates, in our opinion, an intention to restrict the appeals in such proceeding to orders and judgment therein specified, and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated."

A party may preserve for review the issue of waiver of the right to arbitrate by objecting to the trial court's confirmation of the arbitration award and thereafter raise the issue on appeal pursuant to NRS 38.205. *See* Roeder v. Huish, 467 P.2d 902 (Ariz. 1970).

Appeal dismissed.