**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, Appellant,**

v.

**Stephen A. KOCZAK and Carl K. Sadler, Appellees.**

**No. 81–21.**

District of Columbia Court of Appeals.

Argued Sept. 3, 1981.

Decided Dec. 16, 1981.

James R. Rosa, Washington, D.C., for appellant.

Edward L. Merrigan, Chevy Chase, Md., for appellees.

Before NEBEKER, PRYOR and BELSON, Associate Judges.

BELSON, Associate Judge:

Appellant American Federation of Government Employees, AFL–CIO, a union, appeals from a trial court order which directed it to arbitrate certain grievances of appellees, who were employed by the union. At oral argument we requested, *sua sponte,* supplemental briefs on the question whether a trial court order compelling arbitration is appealable. We hold that under section 18 of the District of Columbia Uniform Arbitration Act, D.C.Code 1978 Supp., tit. 16 app., § 18, such an order is interlocutory and unappealable. Accordingly, we dismiss this appeal for want of jurisdiction.

## I.

On April 4, 1980 appellees Koczak and Sadler filed in Superior Court a complaint seeking a court order to compel appellant to arbitrate several grievances appellees had with the appellant union as their employer.[1] The District of Columbia Uniform Arbitration Act, D.C. Code 1978 Supp., tit. 16 app., authorizes the trial court to issue an order to compel arbitration if it finds that there exists "a written contract to submit to arbitration any controversy ... arising between the parties" and that the opposing party has refused to arbitrate such grievances. *Id.,* §§ 2, 3. After argument of cross-motions for summary judgment, the trial court granted appellees' motion for summary judgment. The court, in a comprehensive opinion, found that there existed the requisite written agreement between the parties to submit appellees' grievances to arbitration; it also determined that appellant had refused to arbitrate some of appellees' grievances. Accordingly, the court issued an order compelling appellant to proceed to arbitration concerning all of the grievances set forth in appellees' complaint.[2] Appellant appeals from that order.

## II.

This court's jurisdiction of appeals from Superior Court actions is governed by D.C. Code 1973, § 11–721, which was enacted in 1970. Subsection (a)(1) provides that this court has jurisdiction of appeals from "all final orders and judgments of the Superior Court of the District of Columbia."

In 1977 the District of Columbia Council adopted the Uniform Arbitration Act.[3] In several sections of the Act, the Council empowered the trial court to issue orders with regard to the enforcement of arbitration agreements and arbitration awards. *See* D.C.Code 1978 Supp., tit. 16 app., §§ 3, 4, 11, 12, 13, 14. Having set forth the trial court's authority to issue various types of

---

1. The complaint was later supplemented with a request for an order to compel arbitration of an additional grievance which arose after suit had commenced.

2. The Uniform Arbitration Act also states, in section 4, that "[i]f the arbitration agreement provides a method of appointment of arbitrators, this method shall be followed." D.C.Code 1978 Supp., tit. 16 app., § 4. In its opinion, the trial court found that the written agreement between the parties provided for the direct selection and appointment of an arbitrator by the Federal Mediation and Conciliation Service. Therefore, as part of its order, it directed the parties to proceed to arbitration in accordance with this contractual provision.

3. The Uniform Arbitration Act is a model act which was approved in 1955–56 by the National Conference of Commissioners on Uniform State Laws and the American Bar Association. As of 1980, 23 states and the District of Columbia had adopted it. *See generally* Uniform Arbitration Act (U.L.A.) (1978 & Supp.1981).

The provisions of the District of Columbia Uniform Arbitration Act are applicable only to agreements to arbitrate which were made subsequent to the adoption of the Act. D.C.Code 1978 Supp., tit. 16 app., § 19. In the instant case, appellant's contention that any agreement of the parties to arbitrate predated adoption of the Act is plainly without merit. The trial court correctly ruled that the Act is applicable in this case.

orders relating to arbitration, the Council, in section 18 of the Act, D.C.Code 1978 Supp., tit. 16 app., § 18, also specified which of those types of orders are deemed to be "final" and, hence, appealable under D.C. Code 1973, § 11–721(a)(1). The list of orders deemed to be final in section 18 does not include an order to compel arbitration.[4]

We recognize that the maximum *expressio unius est exclusio alterius*—the expression of one thing means the exclusion of another—is a canon of statutory construction which is to be applied with caution. *Sanker v. United States*, D.C.App., 374 A.2d 304, 309 (1977). However, there is no indication in either the Act or its meager legislative history [5] that the Council did not intend the Act's list of appealable final orders to be exhaustive. Furthermore, the Council's omission of an order to compel arbitration from the list of orders deemed to be final set forth in section 18 is consistent with the "general rule that . . . an order is final for purposes of appeal . . . [when] it disposes of the entire case on the merits," *Crown Oil and Wax Company of Delaware v. Safeco Insurance Company of America*, D.C.App., 429 A.2d 1376, 1379 (1981). An order to compel arbitration does not dispose of the entire case on the merits. Rather,

the parties' rights and obligations are finally determined only after arbitration is had, or, if an arbitrator's award is challenged, after a court enters judgment upholding, modifying, or vacating an arbitrator's award.[6] *See School Committee of Agawam v. Agawam Education Association*, 371 Mass. 845, 846, 359 N.E.2d 956, 957 (1977). Thus, we conclude that the Council's omission of an order to compel arbitration from the Act's list of orders deemed to be final means that such an order is interlocutory and, hence, unappealable.[7]

We also note that the issue of the appealability of an order to compel arbitration has been addressed by the courts of at least four of the states which have adopted the Uniform Arbitration Act. Those courts have uniformly reached the same conclusion we now reach. *See Clark County v. Empire Electric, Inc.*, 96 Nev. 8, ——, 604 P.2d 352, 353 (1980); *Harris v. State Farm Mutual Automobile Insurance Co.*, 283 So.2d 147, 148 (Fla.App.1973); *Maietta v. Greenfield*, 267 Md. 287, 290–91, 297 A.2d 244, 246–47 (1972); *Roeder v. Huish*, 105 Ariz. 508, 509, 467 P.2d 902, 903 (1970). *Cf. School Committee of Agawam v. Agawam Education Association, supra*, 359 N.E.2d at 957–58 (because an order denying an application to

---

**4.** Section 18 of the Uniform Arbitration Act, D.C.Code 1978 Supp., tit. 16 app., § 18, provides:

(a) For purposes of writing an appeal, the following orders shall be deemed final:

(1) An order denying an application to compel arbitration made under Section 3;

(2) An order granting an application to stay arbitration made under Section 3(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing.

(b) An appeal from an order or judgment entered pursuant to this act shall be taken in the manner and to the same extent as from any other order or judgment in a civil action.

**5.** The legislative history consists of the Report of the Committee on Judiciary and Criminal Law (Nov. 9, 1976), to which is attached the Report of the Ad Hoc Committee of the Bar Association of the District of Columbia on the Uniform Arbitration Act (1969).

**6.** As already noted, the Uniform Arbitration Act empowers the trial court to issue orders

upholding, modifying, or vacating an arbitrator's award. D.C.Code 1978 Supp., tit. 16 app., §§ 11, 12, 13, 14.

**7.** This court also has jurisdiction of appeals from interlocutory orders of the Superior Court granting, continuing, modifying, refusing, or dissolving or refusing to dissolve or modify injunctions. D.C.Code 1973, § 11–721(a)(2)(A). We conclude that the Council, in adopting the Uniform Arbitration Act, intended that orders entered in connection with arbitration proceedings where the Act is applicable should not be regarded as orders respecting injunctions. Otherwise, since orders respecting injunctions are appealable under D.C.Code 1973, § 11–721(a)(2)(A), there would be no purpose served by the Council's specification, in section 18, D.C.Code 1978 Supp., tit. 16 app., § 18, that certain arbitration orders are to be deemed final and, hence, appealable under D.C. Code 1973, § 11–721(a)(1). In the absence of the Uniform Arbitration Act, certain orders affecting arbitration could be viewed as orders respecting injunctions, and thus appealable interlocutorily.

stay an arbitration proceeding is omitted from Massachusetts Uniform Arbitration Act's section which lists appealable orders, such an order is unappealable); *Miyoi v. Gold Bond Stamp Company Employees Retirement Trust*, 293 Minn. 376, 378, 196 N.W.2d 309, 310 (1972) (same, Minnesota Uniform Arbitration Act).[8] Because our construction of the Uniform Arbitration Act is in accord with the construction arrived at by all other jurisdictions which thus far have addressed this issue, we thereby give effect to our legislature's intention, expressed in section 20 of the Act, D.C.Code 1978 Supp., tit. 16 app., § 20, that "[t]his Act shall be construed as to effectuate its general purpose of making uniform the law of the District of Columbia and those states which enact it."

In view of the foregoing, we dismiss this appeal.

*So Ordered.*

---

**8.** Appellant relies on *Maine Central Railroad Company v. Bangor & Aroostook Railroad Company*, 395 A.2d 1107 (Me.1978) and *State v. Pearson*, 154 So.2d 833 (Fla.1963) for support of its contention that an order to compel arbitration is appealable under the Uniform Arbitration Act. Those cases, however, deal with orders confirming or denying confirmation of an arbitrator's award, which are expressly made appealable under the Uniform Arbitration Act. Thus, appellant's reliance is misplaced.