**SEACOAST MOTORS OF SALISBURY, INC., Plaintiff, Appellant,**

v.

**CHRYSLER CORPORATION, Defendant, Appellee.**

No. 97–1694.

United States Court of Appeals, First Circuit.

Heard Jan. 7, 1998.

Decided May 13, 1998.

Nicholas J. Decoulos, with whom Decoulos & Decoulos was on brief, for appellant.

George W. Mykulak, with whom Robert D. Cultice, Louis J. Scerra, Jr., and Goldstein & Manello, P.C. were on brief, for appellee.

Before STAHL, Circuit Judge, CYR, Senior Circuit Judge, and SHADUR,* District Judge.

STAHL, Circuit Judge.

Plaintiff-appellant Seacoast Motors of Salisbury, Inc. ("Seacoast") appeals from a district court order dismissing its complaint and compelling arbitration. We hold that we lack jurisdiction to review the propriety of the district court's non-final, "embedded" order compelling arbitration.

## I. FACTS AND PRIOR PROCEEDINGS

On October 21, 1991, Seacoast, an automobile dealership, and Chrysler Corporation ("Chrysler") entered into five agreements authorizing Seacoast to sell and service new Chrysler motor vehicles in Salisbury, Massachusetts. By the terms of the agreements, all disputes had to be submitted to arbitration.[1] On February 6, 1996, Chrysler notified Seacoast that it intended to establish a new Chrysler dealership in nearby Haverhill, Massachusetts. In response, on August 9, 1996, Seacoast filed a complaint in the Essex County Superior Court alleging that, by seeking to establish a dealership in Seacoast's market area, Chrysler had engaged in unfair or deceptive acts or practices in violation of Mass. Gen. Laws ch. 93B. Seacoast sought to enjoin establishment of the new

franchise and to recover damages, fees, and costs.

On August 22, 1996, Chrysler removed the case to federal court based on diversity jurisdiction. Shortly thereafter, relying on sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, Chrysler moved for "an order dismissing or, alternatively, staying the action and compelling the plaintiff ... to proceed with arbitration." Seacoast opposed the motion on the ground that arbitration in this case would contravene public policy. Pursuant to an agreement between the parties, the case was transferred to a magistrate judge, who, on April 22, 1997, dismissed the case with costs and compelled arbitration. Seacoast now appeals the dismissal.

## II. DISCUSSION

■ Seacoast urges us to review the propriety of the lower court's order, which both dismissed the action and compelled arbitration. The question that we must address initially is whether appellate jurisdiction attaches to the court's order compelling arbitration. We conclude that the order was interlocutory, and that we therefore lack jurisdiction to review it.

■ Section 3 of the FAA provides that, when an action implicates an issue covered by an arbitration agreement between the parties, the district court, at the request of any party, "shall ... stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Section 4 provides that any party to an arbitration agreement may petition the district court for an order compelling arbitration, irrespective of any ongoing proceeding. See id. § 4. Appellate review of orders that favor arbitration—that is,

---

* Of the Northern District of Illinois, sitting by designation.

1. The arbitration clause in each of the agreements reads as follows:

Any and all disputes arising out of or in connection with the interpretation, performance or non-performance of this Agreement or any and all disputes arising out of or in connection with transactions in any way related to this Agreement (including, but not limited to, the validity, scope and enforceability of this arbitration provision, or disputes under rights granted pursuant to the statutes of the state in which DEALER is licensed) shall be finally and completely resolved by arbitration pursuant to the arbitration laws of the United States of America as codified in Title 9 of the United States Code, §§ 1–14, under the Rules of Commercial Arbitration of the American Arbitration Association.

orders that stay an action pending arbitration pursuant to section 3 or compel arbitration under section 4—is proscribed, if those orders are "interlocutory." *See id.* § 16(b)(1) & (2). Under section 16(a)(3), however, an appellate court may review the merits of orders that favor arbitration, if those orders are "final decision[s]." *Id.* § 16(a)(3). Thus, whether a particular order favoring arbitration is appealable depends on whether it is final or interlocutory.

■ The general rule governing what constitutes a final decision under section 16 is that an order compelling arbitration is not final, and therefore not immediately reviewable, if the arbitrability issue is "embedded"—that is, "if issues other than the propriety of arbitration are raised or relief other than a determination as to the arbitrability of the dispute is sought." *Adair*, 25 F.3d at 955. By contrast, an order qualifies as a final order within the meaning of section 16 if the action is "independent," or brought solely for the purpose of obtaining such an order. *See Prudential Ins. Co. of America v. Lai*, 42 F.3d 1299, 1302 (9th Cir.1994); *Humphrey v. Prudential Secs., Inc.*, 4 F.3d 313, 317 (4th Cir.1993); *S+L+H S.p.A. v. Miller–St. Nazianz, Inc.*, 988 F.2d 1518, 1522 (7th Cir. 1993); *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 60 (2d Cir.1993). We follow this rule of appealability, which is based on finality principles that were firmly established at the time of section 16's enactment in 1988. *See Stedor Enters., Ltd. v. Armtex, Inc.*, 947 F.2d 727, 729–32 (4th Cir. 1991).

Chrysler's request for arbitration is embedded because the issue of arbitrability arises here in the context of a claim for relief (brought by Seacoast) that goes beyond a determination of the arbitrability of the dispute. It does not matter that all of the substantive claims in the suit—the "other relief sought"—are would-be subjects of the arbitration. *See Gammaro v. Thorp Consumer Discount Co.*, 15 F.3d 93, 96 (8th Cir.1994) (holding that, even when the pending suit is limited to arbitrable claims, the order compelling arbitration is embedded); *Humphrey*, 4 F.3d at 318 (same).

■ However, that arbitrability was an embedded issue does not by itself answer the jurisdictional question. In most embedded proceedings in which the district court's decision favors arbitration, the district court, pursuant to section 3, stays the action pending arbitration. Here, by contrast, although the district court granted Chrysler's motion to compel arbitration, it entered an order dismissing, rather than staying, the proceedings. We must address, then, whether a dismissal without prejudice in deference to arbitration in the context of an embedded proceeding is an appealable (that is, final) decision.

This circuit has not addressed this question before, and other circuits have been divided on the issue. As the Seventh Circuit outlined recently in *Napleton v. General Motors Corp.*, 138 F.3d 1209 (7th Cir.1998), some circuits have determined that an order of dismissal accompanying an order favoring arbitration is appealable as a final decision, even if the proceeding is embedded, *see Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 797 (10th Cir.1995) (finding jurisdiction when, in an embedded proceeding, the district court had ordered arbitration and dismissed action, on the basis that the moving party had requested that the action be dismissed, not stayed, pending arbitration); *Nationwide Ins. Co. of Columbus, Ohio v. Patterson*, 953 F.2d 44, 46 (3d Cir.1991) (finding jurisdiction to review an arbitration order on the basis that "the district court's dismissal of [the] action plainly signifies that th[e] arbitration is not a part of any ongoing proceeding"); *see also Arnold v. Arnold Corp.*, 920 F.2d 1269, 1276 (6th Cir.1990) (discerning in the FAA's legislative history an intention to abrogate the distinction between embedded and independent proceedings and to "allow[ ] appeals from final decisions affecting arbitration whether or not they direct or refuse to direct arbitration," and, correspondingly, finding jurisdiction to review an arbitration order in which the proceedings had been dismissed), while other circuits have focused on the distinction between embedded and independent proceedings to determine whether jurisdiction exists over an appeal from a dismissal of an order favoring arbitration, *see McCarthy v. Providential Corp.*, 122

F.3d 1242, 1244 (9th Cir.1997); *In re Pisgah Contractors, Inc.,* 117 F.3d 133, 136 (4th Cir. 1997); *Altman Nursing, Inc. v. Clay Capital Corp.,* 84 F.3d 769, 771 (5th Cir.1996); *Gammaro,* 15 F.3d at 96.

The *Napleton* panel followed the latter approach, concluding that "it is the nature of the underlying action, not the style of the district court's decision requiring arbitration, that determines whether we have jurisdiction over appeals from decisions granting arbitration." 138 F.3d at 1212. We do likewise and hold that we lack jurisdiction under the FAA to review whether the court's order compelling arbitration was proper. Such a result avoids elevating form over substance and promotes both the pro-arbitration purposes of the FAA and the institutional goal of avoiding piecemeal appeals and systemic delays. *See id.* at 1212–15.

Accordingly, Seacoast's appeal is dismissed for want of appellate jurisdiction.

**Costs to appellee.**