2011 WY 96

**Jack DENNIS, Jr., and Snake River Fishing Trips, Inc., Appellants (Defendants),**

v.

**JACK DENNIS SPORTS, INC., A Wyoming Corporation, Appellee (Plaintiff).**

**No. S–11–0140.**

Supreme Court of Wyoming.

June 22, 2011.

to the Amended Information. It should read § 6–2–501(g) and should be corrected on re-

### ORDER DISMISSING APPEAL

[¶ 1] **This matter** came before the Court upon its own motion following a review of recently docketed appeals. After a careful review of the file, this Court finds that the captioned appeal should be dismissed, for the following reasons.

[¶ 2] This is an appeal from two district court orders, (1) an "Order Regarding Motions Related to Arbitration" and (2) a "Decision and Order Over–Ruling and Denying Any Requested Relief Regarding Defendants' Objections to Order Regarding Motions Related to Arbitration." In the first order, the district court granted Appellee's motion to compel arbitration and stayed district court proceedings. In the second order, the district court overruled objections to the first order.

[¶ 3] The question here is whether the order compelling arbitration is a final, appealable order. Although there is no published authority from this Court on this question, there is abundant authority from other jurisdictions. See Annotation, *Appealability of state court's order or decree compelling or refusing to compel arbitration,* 6 A.L.R.4th 652 (1981). In discussing the issue, this Court will examine Wyoming court rules, Wyoming statutes, and the Federal Arbitration Act.

[¶ 4] The Court must first examine W.R.A.P. 1.05, which defines which orders are appealable. That rule provides in pertinent part:

W.R.A.P. 1.05. Appealable order defined.

An appealable order is:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

mand.

(b) An order affecting a substantial right made in a special proceeding;

Under subsection (a), the order compelling arbitration did not "determine the action," inasmuch as the district court proceedings are stayed. As the Arkansas Supreme Court has written:

We conclude that the trial court's order did not in effect determine the action or discontinue it. The matter has merely been referred to arbitration and the appellant can obtain review of the arbitration decision and raise the very question presented here, whether the trial court was right in referring the case to arbitration. If we permit an appeal from every order referring a case to arbitration, the policy favoring arbitration would be frustrated, and we would be twice reviewing a case.

*Chem–Ash, Inc. v. Arkansas Power & Light Co.*, 296 Ark. 83, 751 S.W.2d 353, 354 (1988). Next, under Rule 1.05(b), an order compelling arbitration may affect a substantial right. However, this case does not involve a special proceeding. This is a typical civil action, a contract dispute. Thus, we conclude that the order compelling arbitration is not an appealable order under W.R.A.P. 1.05.

[¶ 5] Next, we examine Wyoming's Uniform Arbitration Act, Wyo.Stat.Ann. § 1–36–101 et seq. That Act includes the following provision, which governs appeals:

Wyo. Stat. Ann. § 1–36–119. Appeals.

(a) An appeal may be taken from:

(i) An order denying the application to compel arbitration;

(ii) An order granting an application to stay arbitration;

(iii) An order confirming or denying confirmation of an award;

(iv) An order modifying or correcting an award;

(v) An order vacating an award without directing a rehearing; or

(vi) A final judgment or decree entered by the court.

(b) The appeal shall be taken in the manner of a civil action.

[¶ 6] Absent from this statute is a provision authorizing an appeal from an order compelling arbitration. Without such an authorization, we conclude that the order compelling arbitration is not appealable. This conclusion is supported by a number of cases interpreting "appeals" provisions similar to the one found in Wyoming's Uniform Arbitration Act. *Clark County v. Empire Elec.*, 96 Nev. 18, 604 P.2d 352 (1980); *Bluffs, Inc. v. Wysocki*, 68 N.C.App. 284, 314 S.E.2d 291 (1984); *Chem–Ash, Inc. v. Arkansas Power & Light Co.*, 296 Ark. 83, 751 S.W.2d 353, 354 (1988); *Maietta v. Greenfield*, 267 Md. 287, 297 A.2d 244, 248 (1972); *Roeder v. Huish*, 105 Ariz. 508, 467 P.2d 902 (1970); *Old Rochester Regional Teacher's Club v. Old Rochester Regional School Dist.*, 18 Mass.App.Ct. 117, 463 N.E.2d 581 (1984); *Fayette County Farm Bureau Federation v. Martin*, 758 S.W.2d 713 (Ky.Ct.App.1988); *Frontier Materials, Inc. v. Boulder*, 663 P.2d 1065, 1066 (Colo.Ct.App.1983); *Thomas v. Farmers Ins. Exch.*, 857 P.2d 532, 534 (Colo.Ct.App.1993) (order compelling arbitration not appealable "even if the court's order determines the substantive issue of the arbitrability of the underlying dispute.")

[¶ 7] Finally, we note that, under the "Appeals" provision of the Federal Arbitration Act, an appeal from an interlocutory order compelling arbitration is expressly prohibited. 9 U.S.C. § 16(b)(3). See *Southern Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 977 P.2d 769, 773–74 (1999) ("Each state is free to apply its own procedural requirements so long as those procedures do not defeat the purposes of the" FAA.) *McClellan v. Barrath Constr. Co.*, 725 S.W.2d 656, 658 (Mo.Ct.App.1987) ("Although 9 U.S.C. § 2 creates substantive rights to be enforced in state courts, the procedural provisions of the Federal Arbitration Act are not binding on state courts, *Southland Corp. [v. Keating]*, 465 U.S. [1] at 16, 104 S.Ct. [852] at 861 [79 L.Ed.2d 1 (1984) ] provided applicable state procedures do not defeat the rights granted by Congress.")

[¶ 8] Based on the foregoing, this Court concludes that the district court's "Order Regarding Motions Related to Arbitration" is not an appealable order, nor is the "Decision and Order Over–Ruling and Denying Any Requested Relief Regarding Defendants' Ob-

jections to Order Regarding Motions Related to Arbitration." It is, therefore,

[¶ 9]  **ORDERED** that the captioned appeal be, and hereby is, dismissed.

[¶ 10]  **DATED** this 22nd day of June, 2011.

By the Court:

/s/ Marilyn S. Kite
MARILYN S. KITE
Chief Justice