An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

AJS CONSTRUCTION, INC., A
NEVADA CORPORATION,
Appellant,
vs.
TORY PANKOPF; AND PATRICIA
PANKOPF,
Respondents.

No. 60729

**FILED**

SEP 2 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF SUMMARY REVERSAL AND REMAND*

This is an appeal from a district court order granting a motion to compel arbitration and dismissing the action. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

When our preliminary review of the docketing statement and the NRAP 3(g) documents revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed. Appellant filed a response, and respondents filed a reply.

Having considered the parties' arguments, we conclude that we have jurisdiction to consider the appealed-from order of dismissal, which constitutes a final judgment, for the limited purpose of considering whether dismissal was proper. NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426-27, 996 P.2d 416, 417-18 (2000). We agree with appellant's arguments in response to our order to show cause that dismissal was improper.[1] Under Nevada's Uniform Arbitration Act, a district court, upon compelling arbitration, is required to "stay any judicial proceeding that involves a claim subject to the arbitration." NRS 38.221(7). Thus, we

---

[1]We have determined, under NRAP 34(f), that oral argument is not warranted in this case.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28727

reverse the district court's order insofar as it dismissed appellant's complaint, and we remand this matter to the district court with instructions to the court that it enter an amended order staying the underlying proceedings. In light of this conclusion, the order compelling arbitration is interlocutory, and we necessarily lack jurisdiction to consider at this time whether that decision was correct. *Clark Cnty. v. Empire Elec., Inc.*, 96 Nev. 18, 19, 604 P.2d 352, 353 (1980). Accordingly, we summarily

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Brent T. Adams, District Judge
     Cathy Valenta Weise, Settlement Judge
     Whitehead & Whitehead
     Tory M. Pankopf
     Washoe District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A

HARDESTY, J., concurring:

I concur with the majority that the district court's order dismissing the action should be reversed and a stay of the proceedings pending the outcome of the arbitration should be imposed. However, I would do so by published opinion discussing the competing approaches to the jurisdictional issue created when a district court compels arbitration but dismisses the action. In particular, a conflict exists between our rules governing appeals from final judgments and our caselaw interpreting appeals under NRS 38.247, and this case requires resolution of that conflict. Therefore, disposition by published opinion is appropriate. *See* NRAP 36(c)(1) ("The court will decide a case by published opinion if it . . . [p]resents an issue of first impression . . . .").

Under the Uniform Arbitration Act, when a district court grants an order to compel arbitration, the court is required to stay the proceedings before it, pending the arbitration's conclusion. NRS 38.221(7). In light of its interlocutory nature, the Act does not permit an appeal from an order granting a motion to compel arbitration. NRS 38.247(1) (listing appealable orders). As a result, this court has held that no appeal may be taken from an order compelling arbitration, *see Clark Cnty. v. Empire Elec., Inc.*, 96 Nev. 18, 19, 604 P.2d 352, 353 (1980), and that if a party seeks to obtain review of the district court's decision to compel arbitration, that party must either file a petition for a writ of mandamus, *see State ex rel. Masto v. Second Judicial Dist. Court*, 125 Nev. 37, 44, 199 P.3d 828, 832 (2009), or appeal from the district court's later order confirming the arbitration award. *See Whitemaine v. Aniskovich*, 124 Nev. 302, 307 n.5, 183 P.3d 137, 141 n.5 (2008).

As happened here, however, when the district court fails to stay the proceedings and instead dismisses the action altogether, the order technically becomes a final judgment, thereby making the order appealable. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) ("[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs."); NRAP 3A(b)(1) (permitting an appeal from a final judgment). Thus, this case presents the novel question of whether this court has jurisdiction to review the arbitrability issue—*i.e.*, whether the district court properly compelled arbitration—in an appeal from an order that has compelled arbitration and dismissed the action.

There are three basic approaches that appellate courts take when determining whether the arbitrability issue is properly reviewable in an appeal from an order that has compelled arbitration and dismissed the action. Some courts conclude that the arbitrability issue is reviewable because the decision to compel arbitration is the last true decision that the lower court must make with regard to the case. *See, e.g., Sawyers v. Herrin-Gear Chevrolet Co.*, 26 So. 3d 1026, 1033-34 (Miss. 2010); *Kremer v. Rural Cmty. Ins. Co.*, 788 N.W.2d 538, 548-49 (Neb. 2010). In essence, these courts reason that the act of ordering the parties to arbitration is what makes the order an appealable final judgment.

Other courts conclude that the arbitrability issue is properly reviewable because the order compelling arbitration also dismissed the action, but that the arbitrability issue would not have been reviewable if the order had stayed the underlying proceedings. *See, e.g., Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86-87 (2000); *Commonwealth v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

*Philip Morris Inc.*, 864 N.E.2d 505, 511 n.9 (Mass. 2007); *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 839-40 (Tex. 2009). These courts reason that the act of dismissing the action is what makes the order appealable as a final judgment and that this element is lacking when the order stays the underlying proceedings.

Still other courts conclude that the arbitrability issue is never reviewable in an appeal from an order compelling arbitration—even when the appealed-from order has dismissed the action in its entirety. *See, e.g., Widener v. Fort Mill Ford*, 674 S.E.2d 172, 173-74 (S.C. Ct. App. 2009); *Judith v. Graphic Commc'ns Int'l Union*, 727 A.2d 890, 891-92 (D.C. 1999); *Muao v. Grosvenor Props. Ltd.*, 122 Cal. Rptr. 2d 131, 138 (Ct. App. 2002). These courts recognize that the Uniform Arbitration Act requires a lower court to stay the proceedings upon ordering arbitration, and that an order compelling arbitration is not among the Act's list of appealable orders. *Widener*, 674 S.E.2d at 173-74; *Judith*, 727 A.2d at 891-92; *Muao*, 122 Cal. Rptr. 2d at 134, 138 (analyzing California's analog to the Act). Consequently, these courts decline to review the arbitrability issue because the jurisdictional basis for doing so rests solely on the lower court's decision to improperly dismiss the action.

In my view, the superior approach is the third approach, as that approach is more consistent with the interlocutory nature of an order compelling arbitration and it prevents the district court from conferring jurisdiction on this court over the otherwise unappealable arbitrability issue based solely on the improper dismissal of the underlying action. Thus, in this case, I concur with the majority's decision to reverse the district court's dismissal of appellant's action and to decline to reach the question of whether arbitration was properly compelled. But because the

jurisdictional issue in this case presents a novel question of law in Nevada, I would dispose of this case by published opinion.

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A