An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROB AND SHIRLEY MICHALOWSKI, INDIVIDUALLY; PETER AND JACQUELYN ANDADA, INDIVIDUALLY; BRIAN E. BAJUNE, INDIVIDUALLY; JOHN AND AMBER CALONICO, INDIVIDUALLY; LAURIE LOUISE CORDANO, INDIVIDUALLY; CHRISTOPHER AND JENNIFER GEORGE, INDIVIDUALLY; MAHER GHALWAN, INDIVIDUALLY; AMIT JOSHI, INDIVIDUALLY; DIMITRIOUS AND SHANNAH KASSEBAUM, INDIVIDUALLY; MICHAEL L. AND JANET E. KORBANICS, INDIVIDUALLY; RICHARD AND VALERIE KRUEGER, INDIVIDUALLY; DONG AND MIRA LEE, INDIVIDUALLY; TRACE AND RUBY MARTINEZ, INDIVIDUALLY; KEITH M. MATTHEWS, INDIVIDUALLY; JUSTIN MENESINI, INDIVIDUALLY; JEFFREY AND MANDY MURPHY, INDIVIDUALLY; LUIS E. AND RACHEL PALACIO, INDIVIDUALLY; DAVID S. AND EUN S. PARK, INDIVIDUALLY; CHRIS AND JESSICA PARMELE, INDIVIDUALLY; ALICIA REED, INDIVIDUALLY; ANTOINETTE RUFF, INDIVIDUALLY; ALEX AND MARIA E. RUIZ, INDIVIDUALLY; WILLIAM S. AND DONNA L. SABA, INDIVIDUALLY; ROBERT AND CRISTINA SCHWITTERS, INDIVIDUALLY; JOHN AND DEE DEE TISON, INDIVIDUALLY; EUGENE AND MARLEEN WAMBOLT, INDIVIDUALLY; AND ROBERT AND ELLEN FRIAS-WILCOX,

No. 66569

FILED

NOV 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

15-35289

INDIVIDUALLY,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
PATRICK FLANAGAN, DISTRICT
JUDGE,
Respondents,
  and
LENNAR RENO, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Real Party in Interest.

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order granting a motion to compel arbitration in a construction defect action.

Petitioners purchased homes built by real party in interest Lennar Reno, LLC. Roughly half of the petitioners signed purchase agreements as original purchasers (though Lennar failed to produce purchase agreements for four of the original purchasers), while the remaining petitioners were subsequent purchasers who did not sign purchase agreements. Lennar presented four different form purchase agreements to petitioners depending on when each original purchaser executed the agreement. All four agreements contain an arbitration provision (or multiple arbitration provisions) and an independent severability clause. Following the purchases, petitioners served Lennar with NRS Chapter 40 notices. Petitioners then filed a complaint asserting breach of contract and construction defect causes of action against Lennar.

Lennar moved to compel arbitration under the purchase agreements. The district court granted Lennar's motion. This petition for writ of mandamus followed.

Except for the few for whom Lennar cannot produce purchase agreements, the district court was correct to compel petitioners to arbitrate. There is no immediate right of direct appeal from an order compelling arbitration. *Clark Cnty. v. Empire Elec., Inc.*, 96 Nev. 18, 19-20, 604 P.2d 352, 353 (1980) (noting that the law's policy favoring arbitration would be defeated should the defaulting party be permitted to appeal at the threshold of a proceeding and indefinitely delay the arbitration matter). However, mandamus affords interlocutory appellate review where the party seeking extraordinary writ relief demonstrates that: (1) an eventual appeal does not afford "a plain, speedy and adequate remedy in the ordinary course of law," and (2) mandamus is needed either to compel the performance of an act that the law requires or to control the district court's manifest abuse of discretion. NRS 34.160; NRS 34.170; *Tallman v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 71, ___P.3d ____(2015).

Regarding the first requirement, petitioners contend that they have no adequate remedy at law besides mandamus because waiting for an eventual appeal would force them to arbitrate claims that they never agreed to arbitrate and/or arbitrate provisions that are unenforceable due to unconscionability. In response, Lennar contends that petitioners have the ability to appeal from a future court order approving an arbitration award with which they are dissatisfied, constituting an adequate remedy at law. Both petitioners and Lennar fail to address the second requirement for extraordinary writ relief. We nonetheless accept

mandamus review of this petition under a theory similar to that articulated in *Tallman*. Our case law prior to *Tallman* had not yet clearly delineated a party's burden when moving for extraordinary writ relief from an order compelling arbitration, and this court's prior decision in *Kindred v. Second Judicial District Court* suggested that orders compelling arbitration automatically satisfy NRS 34.170's requirement that there not be a "plain, speedy and adequate remedy" at law. *See Kindred*, 116 Nev. 405, 409, 996 P.2d 903, 906 (2000); *see also Tallman*, 131 Nev., Adv. Op. 71, ___ P.3d at ___ n.1. *Tallman* clarified petitioners' burden, stating that the unavailability of an immediate appeal from an order compelling arbitration *may* present a situation in which eventual appeal is not an adequate remedy at law, but the same does not hold true in all cases. 131 Nev., Adv. Op. 71, P.3d at ___ n.1. While we conclude that the district court erred in part by granting Lennar's motion to compel arbitration with respect to four of the petitioners, it correctly granted the motion with respect to the majority of petitioners. *See id.* (explaining that when reviewing a district court's handling of an order to compel arbitration, this court reviews questions of law de novo, and questions of fact for clear error).

Contrary to petitioners' contentions with respect to the subsequent purchasers who did not sign purchase agreements, the district court did not err in compelling such petitioners to arbitrate. As explained in *Truck Insurance Exchange v. Palmer J. Swanson, Inc.*, "[u]nder a theory of estoppel, [a] nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause." 124 Nev. 629, 636-37, 189 P.3d 656, 661-62 (2008) (internal quotations omitted). Here, petitioners received a

direct benefit from the contracts containing arbitration clauses when they asserted breach of contract causes of action under said contracts. Thus, the original purchasers for whom Lennar produced signed purchase agreements and the nonsignatory subsequent purchasers are estopped from refusing to comply with the purchase agreements' arbitration clauses. However, the petitioners for whom Lennar failed to produce purchase agreements—Peter and Jacquelyn Andada and Robert and Cristina Schwitters—cannot be compelled to arbitrate.[1] The district court erred in granting Lennar's motion to compel arbitration pertaining to these petitioners. *See Tallman*, 131 Nev., Adv. Op. 71, ___ P.3d. ___ (internal citations omitted).

Further, any unconscionable clauses contained within the home purchase agreements can be severed according to each agreement's severability clause. While an agreement may contain substantively unconscionable clauses, a severability clause allows the offensive language to be severed without invalidating the remainder of the agreement, including an arbitration provision. *See Serpa v. Darling*, 107 Nev. 299, 303-04, 810 P.2d 778, 781-82 (1991). Not only does this contractual reading preserve the parties' intent, but it also furthers Nevada's general public policy favoring enforcement of arbitration agreements. *See D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004). Because the district court failed to adequately address the unconscionability of each home purchase agreement, we decline to reach

---

[1]During oral argument, Lennar conceded that these petitioners cannot be bound to the arbitration clauses contained in the purchase agreements.

the issue. Instead, we instruct the district court to revisit each agreement and provide an in-depth analysis of any unconscionable language within each. The district court shall sever only the language in the agreements which constitutes an unconscionable abrogation of the homeowners' rights.

Accordingly, we

ORDER the petition GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order as to Peter and Jacquelyn Andada and Robert and Cristina Schwitters, and to reassess all the purchase agreements and sever only the unconscionable clauses.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[2]We have considered the parties' remaining arguments and conclude that they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Patrick Flanagan, District Judge
Shinnick, Ryan & Ransavage P.C.
Gordon & Rees, LLP
Washoe District Court Clerk