OPINION
 

 By the Court,
 

 Saitta, J.:
 

 This appeal presents an issue of first impression of whether two employment contracts can constitute a single agreement when one of the contracts contains an integration clause. Specifically, this matter concerns appellant Suzette Whitemaine’s concurrent employment contracts with respondents Banc of America Investment Services, Inc. (BAIS), and its parent company, Bank of America, N.A. The BAIS employment contract contained a provision requiring Whitemaine to arbitrate any dispute related to her employment. The Bank of America employment contract did not contain an arbitration clause and featured an integration provision.
 

 Whitemaine contends that the district court erred when it concluded that the arbitration clause in the BAIS contract applied to her contract with Bank of America, requiring her to arbitrate her claims against it. In particular, Whitemaine asserts that the integration clause at the end of her Bank of America contract indicated that the contract was a complete agreement and precluded the introduction of any additional terms. Thus, Whitemaine asserts that the arbitration clause in the BAIS agreement, which was executed after the Bank of America contract, could not be a part of her purportedly “complete” employment contract with Bank of America and, therefore, could not compel her to arbitrate her employment claims against Bank of America. We disagree.
 

 We conclude that the two employment agreements generally form one contract under
 
 Collins
 
 v.
 
 Union Federal Savings & Loan
 

 [2]
 

 However,
 
 Collins
 
 does not squarely dispose of this appeal because it did not address the preclusive effect of an integration clause. We hereby extend the reasoning of
 
 Collins
 
 and adopt the California Court of Appeal’s reasoning in
 
 Brookwood v. Bank of
 
 America,
 
 [3]
 
 which held that two separately executed employment agreements formed one contract even though one of the agreements contained an integration clause. Thus, we conclude that the Bank of America and BAIS employment agreements formed a single agreement, featuring an integration clause, an arbitration clause, and all the re
 
 *306
 
 maining provisions of those two agreements. Accordingly, we affirm the district court order confirming the arbitration award in favor of respondents Bank of America, BAIS, and Lisa Aniskovich.
 

 FACTS AND PROCEDURAL HISTORY
 

 In August 1997, Whitemaine entered into an employment agreement with Bank of America and agreed to work as a financial relationship manager. The Bank of America employment agreement contained an integration clause, which provided that it was “the complete agreement between [Bank of America] and [Whitemaine], and takes the place of all prior oral and/or written agreements . . . [and] [a]ny future changes to th[e] Employment Agreement must be
 
 in writing,
 
 signed by an authorized Bank representative.” The employment agreement did not include an arbitration clause or any reference to BAIS.
 

 Three days later, Whitemaine entered into an employment agreement with BAIS, a subsidiary of Bank of America. Under the agreement, Whitemaine agreed to work as a registered representative, which required a securities registration and involved selling securities and providing investment advice. As a registered representative, Whitemaine was supervised by Aniskovich, a BAIS manager. Under paragraph eleven of the BAIS employment agreement, Whitemaine agreed to arbitrate any dispute relating to her employment. Whitemaine also agreed, under paragraph twelve, that the arbitration provision would survive the termination of her employment with BAIS.
 

 Further, the BAIS employment agreement repeatedly mentioned Whitemaine’s employment contract with Bank of America but did not purport to modify, cancel, or supersede the Bank of America agreement. In the introductory paragraph, the BAIS agreement stated that Whitemaine was dually employed by both Bank of America and BAIS. Under paragraph two of the BAIS contract, Whitemaine agreed that she only represented BAIS and not Bank of America. According to paragraph four, BAIS retained the exclusive right to control Whitemaine’s employment regardless of the fact that she was also dually employed with Bank of America. Notably, in paragraph twelve, the BAIS agreement allowed either Bank of America or BAIS to terminate the BAIS agreement.
 

 In January 1999, BAIS disciplined Whitemaine for violating a provision of her employment contract that prohibited her from reproducing and disclosing customer information without first obtaining approval. BAIS demoted Whitemaine to a preferred banker position with Bank of America and placed her on probation. After demoting Whitemaine, BAIS filed a mandatory U-5 form with the National Association of Securities Dealers (NASD), which stated that Whitemaine was no longer selling securities for BAIS be
 
 *307
 
 cause she did not adhere to its policy regarding written communication. Whitemaine worked as a preferred banker for Bank of America approximately six months before voluntarily terminating her employment.
 

 In September 2001, Whitemaine instituted the present action against Aniskovich and BAIS, asserting various contract, tort, and statutory claims. Aniskovich and BAIS moved to dismiss Whitemaine’s claims. The district court granted the motion with respect to several of Whitemaine’s claims and then set the case for trial on her remaining claims.
 

 Shortly before trial, Aniskovich and BAIS moved to compel arbitration before the NASD, based on the arbitration clause in Whitemaine’s employment contract with BAIS. Over Whitemaine’s objection, the district court granted respondents’ motion. Thereafter, the district court permitted Whitemaine to amend her complaint to add Bank of America as a defendant.
 

 The matter proceeded to arbitration, involving BAIS, Aniskovich, and Bank of America. At the conclusion of the arbitration proceedings, the NASD panel found in favor of respondents on Whitemaine’s remaining claims. The NASD panel further found that BAIS defamed Whitemaine because the U-5 form contained a defamatory statement about her demotion, but BAIS was not liable because it enjoyed a conditional privilege.
 
 [4]
 
 The NASD panel granted Whitemaine limited relief when it ordered respondents to amend her U-5 form to state that Whitemaine voluntarily terminated her employment.
 

 Respondents subsequently moved the district court to confirm the arbitration award. Over Whitemaine’s objection, the district court affirmed the arbitration award. Whitemaine then timely filed this appeal.
 
 [5]
 

 
 *308
 

 DISCUSSION
 

 While a district court’s interpretation of a contractual term is a question of law,
 
 [6]
 
 which this court reviews de novo,
 
 [7]
 
 whether a contract exists and the parties’ intentions regarding a contractual provision are questions of fact,
 
 [8]
 
 which this court reviews for substantial evidence.
 
 [9]
 
 Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.
 
 [10]
 

 The district court did not err when it found that the arbitration clause in Whitemaine’s BAIS employment contract applied to her claims against Bank of America
 

 Whitemaine contends that the district court erred when it found that the arbitration clause in her BAIS employment contract applied to her claims that arose out of her employment relationship with Bank of America. We disagree and conclude that the district court properly ordered Whitemaine to arbitrate her claims against Bank of America.
 

 The two employment contracts constituted a single agreement
 

 In
 
 Collins v. Union Federal Savings & Loan,
 
 this court concluded that two instruments are presumed to be a single contract if (1) they are contemporaneously executed, (2) they concern the same subject matter, and (3) one of the instruments refers to the other.
 
 [11]
 

 We conclude that all three requirements of
 
 Collins
 
 are satisfied in this case. We discuss each of these requirements in turn.
 

 The contemporaneous execution requirement
 

 In determining whether two instruments were contemporaneously executed, courts have concluded that this requirement can be satisfied in a wide range of time spans. For instance, courts have
 
 *309
 
 concluded that agreements were contemporaneously executed when they were entered into on the same day,
 
 [12]
 
 within a few days,
 
 [13]
 
 within a few weeks,
 
 [14]
 
 and even within a few months.
 
 [15]
 

 The record in this case indicates that Whitemaine signed the BAIS agreement only three days after she signed the Bank of America agreement, which was well within the range of time that courts have considered sufficient to evidence contemporaneous agreements. Accordingly, we conclude that substantial evidence supports the district court’s finding that the Bank of America and BAIS employment agreements, signed three days apart, were contemporaneously executed.
 

 The same subject matter requirement
 

 In a dual employment arrangement, two agreements concern the same subject matter if they both contain terms regarding the employment. For instance, in
 
 Brookwood v. Bank of America,
 
 a case involving almost identical facts and issues as the present matter, the California Court of Appeal concluded that a security dealer’s dual employment contracts with related entities involved the same subject matter because they both contained provisions regarding the terms of the employee’s employment.
 
 [16]
 

 
 *310
 
 In
 
 Broolcwood,
 
 the plaintiff executed employment agreements with BAIS and its parent company, Bank of America. Under the BAIS agreement, the plaintiff was required to (1) hold a NASD license, (2) execute an additional employment agreement with Bank of America, (3) inform customers of whether the plaintiff was representing BAIS or Bank of America, and (4) agree to arbitrate any employment claims relating to the agreement.
 
 [17]
 
 In the Bank of America agreement, the plaintiff agreed that (1) BAIS and Bank of America could terminate the employment with or without cause, and (2) if BAIS terminated the plaintiffs employment, then the plaintiff’s employment with Bank of America was automatically ended unless Bank of America decided otherwise.
 
 [18]
 

 In accordance with
 
 the
 
 reasoning of
 
 Broolcwood,
 
 we conclude that substantial evidence supports the district court’s finding in this case that the Bank of America and BAIS employment agreements involved the same subject matter. As in
 
 Broolcwood,
 
 this case involves a dual employment arrangement with two agreements that contain terms regarding Whitemaine’s employment. The record here indicates that the Bank of America agreement was connected to the BAIS agreement because to be an employee of Bank of America, Whitemaine was required to be employed with BAIS. The record further indicates that the BAIS employment agreement was connected to the Bank of America agreement because the BAIS agreement referred to the Bank of America employment in four provisions, including: (1) the introductory paragraph (“You are dually employed by Bank of America National Trust and Savings Association (‘Bank’) pursuant to an additional employment agreement.”); (2) paragraph two (“you represent only BAIS and not the Bank or any other party.”); (3) paragraph four (“BAIS is to have sole and exclusive right to advise, instruct, supervise, direct and control you with respect to your employment .... regardless of the fact that you are also a dual employee of the Bank.”); and (4) paragraph twelve (“You[r] employment may be terminated
 
 at will
 
 by you, BAIS or the Bank.”).
 

 The reference requirement
 

 In
 
 Collins,
 
 this court concluded that while one of the instruments must reference the other, both instruments are not required to reference each other.
 
 [19]
 

 We conclude that substantial evidence supports the district court’s finding that the reference requirement was satisfied. The
 
 *311
 
 record indicates that the BAIS agreement referenced the Bank of America agreement a total of 20 times and on every page. While the record further indicates that the Bank of America agreement did not reference the BAIS agreement, this inadequacy is not dis-positive because
 
 Collins
 
 does not require that both agreements reference each other.
 

 Accordingly, we conclude that the Bank of America and BAIS agreements are generally considered one instrument under
 
 Collins.
 
 We must next consider whether this general presumption extends to a case where the agreements are executed between different parties and when one of those agreements contains an integration clause. As this is an issue of first impression in Nevada, we look to persuasive authority for guidance.
 

 Brookwood v. Bank of America
 

 The California Court of Appeal in
 
 Brookwood
 
 further considered whether an integration clause in one employment agreement would prevent the application of an arbitration clause in another related employment agreement.
 
 [20]
 
 In
 
 Brookwood,
 
 Bank of America and BAIS hired the plaintiff to sell and promote BAIS’s investment services.
 
 [21]
 
 As a condition of employment, the plaintiff agreed to the arbitration provision in the BAIS employment agreement.
 
 [22]
 
 The plaintiff signed her employment agreements with Bank of America and BAIS on the same day.
 
 [23]
 
 At the end of the Bank of America employment agreement, it contained an integration clause, and the agreement did not contain an arbitration provision.
 
 [24]
 

 Sometime thereafter, the plaintiff sued Bank of America and BAIS for wrongful termination.
 
 [25]
 
 While Bank of America contended that the plaintiff had to arbitrate her claims against it, the plaintiff argued that she was not contractually obligated to arbitrate her claims because the Bank of America agreement contained an integration clause and did not contain an arbitration provision.
 
 [26]
 
 After applying California Civil Code § 1642,
 
 [27]
 
 the trial court found that the Bank of America and BAIS agreements were “sub
 
 *312
 
 stantially one transaction and should be as one.”
 
 [28]
 
 After reviewing the trial court’s determination for substantial evidence, the California Court of Appeal held that the two agreements “were parts of substantially one transaction and should be taken as one” and affirmed the trial court’s arbitration order.
 
 [29]
 

 We hereby extend
 
 Collins
 
 to adopt the analytical reasoning in
 
 Broolcwood.
 
 As a result, we conclude that the Bank of America and BAIS employment agreements formed one agreement, featuring an integration clause, an arbitration clause, and all the remaining provisions of those two agreements. These terms governed Whitemaine’s employment with both entities.
 
 [30]
 

 CONCLUSION
 

 We conclude that substantial evidence supports the district court’s finding that the Bank of America and BAIS agreements constituted one agreement even though the Bank of America agreement contained an integration clause. Thus, we conclude that the district court properly ordered Whitemaine to arbitrate her claims against Bank of America even if Whitemaine was solely a Bank of America employee when her claims arose. Accordingly, we affirm the district court order confirming the arbitration award with respect to Whitemaine’s claims against Bank of America. The parties do not dispute that the BAIS arbitration clause covered Whitemaine’s claims against BAIS and Aniskovich; thus, we also affirm the arbitration award with respect to those claims. Lastly, we conclude that Whitemaine’s remaining argument, namely that she did not voluntarily waive her right to a jury trial
 
 [31]
 
 lacks merit.
 
 *313
 
 Accordingly, we affirm the district court’s order confirming the arbitration award.
 

 Maupin and Cherry, JJ., concur.
 

 [2]
 

 99 Nev. 284, 292, 662 P.2d 610, 615 (1983).
 

 [3]
 

 53 Cal. Rptr. 2d 515 (Ct. App. 1996).
 

 [4]
 

 See Circus Circus Hotels
 
 v.
 
 Witherspoon,
 
 99 Nev. 56, 63 n.3, 657 P.2d 101, 105 n.3 (1983) (concluding that a conditional privilege allows “[a] former employer ... to make otherwise defamatory communications about the character or conduct of former employees to present or prospective employers, as they have a common interest in the subject matter of the statements”).
 

 [5]
 

 Respondents argue that Whitemaine waived her right to argue the arbitrability of the disputes with BAIS and Bank of America by fully participating in the arbitration process. In this, respondents seemingly suggest that Whkemaine should have either appealed the order compelling arbitration or sought extraordinary relief. We reject that contention and conclude that she preserved the issue for appeal by timely appealing from the order confirming the arbitration award in favor of respondents for two reasons. First, she had no right to appeal the order compelling arbitration under current NRS 38.247 and NRAP 3A. Second, “[a] party may reserve for review the issue of waiver of the right to arbitrate by objecting to the trial court’s confirmation of the arbitration award. . . .”
 
 See Clark County v. Empire Electric, Inc.,
 
 96 Nev. 18, 20,
 
 *308
 
 604 P.2d 352, 353 (1980) (construing former NRS 38.205, replaced October 1, 2001, by current NRS 38.247, and concluding that the statute precluded appellant from appealing the district court order compelling arbitration). The current NRS 38.247 is virtually identical to former NRS 38.205.
 

 [6]
 

 NGA #2 Ltd. Liab. Co. v. Rains,
 
 113 Nev. 1151, 1158, 946 P.2d 163, 167 (1997).
 

 [7]
 

 Keife
 
 v.
 
 Logan,
 
 119 Nev. 372, 374, 75 P.3d 357, 359 (2003).
 

 [8]
 

 Anvui, LLC
 
 v.
 
 G.L. Dragon, LLC,
 
 123 Nev. 212, 216, 163 P.3d 405, 407 (2007);
 
 May
 
 v.
 
 Anderson,
 
 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005).
 

 [9]
 

 Keife,
 
 119 Nev. at 374, 75 P.3d at 359.
 

 [10]
 

 First Interstate Bank v. Jafbros Auto Body,
 
 106 Nev. 54, 56, 787 P.2d 765, 767 (1990) (internal quotation marks omitted).
 

 [11]
 

 99 Nev. 284, 292, 662 P.2d 610, 615 (1983);
 
 accord Oliver Refining Co.
 
 v.
 
 Portsmouth Cotton Oil R. Corp.,
 
 64 S.E. 56, 59 (Va. 1909) (“Where two
 
 *309
 
 papers are executed at the same time or contemporaneously between the same parties, in reference to the same subject-matter, they must be regarded as parts of one transaction and receive the same construction as if their several provisions were in one and the same instrument.”).
 

 [12]
 

 See, e.g.,
 
 Collins, 99 Nev. at 292, 662 P.2d at 615 (concluding that a construction loan and a “take out” loan, executed on the same day, were contemporaneously executed and formed a single loan agreement);
 
 Bowker
 
 v.
 
 Goodwin,
 
 7 Nev. 135, 139 (1871) (concluding that a promissory note and a stock transfer agreement, signed on the same day, were contemporaneously executed);
 
 accord Brookwood v. Bank of America,
 
 53 Cal. Rptr. 2d 515, 519 (Ct. App. 1996) (concluding that two employment agreements, signed on the same day, were contemporaneously executed).
 

 [13]
 

 Hodges v. U.S. Fidelity & Guaranty Co.,
 
 91 A.2d 473, 476-77 (D.C. 1952) (concluding that a personal injury release, and a real property damage settlement check drawn three days later, were contemporaneously executed);
 
 McLean v. Hillman,
 
 352 S.W.2d 310, 313 (Tex. Civ. App. 1961) (concluding that two instruments, executed four days apart, were contemporaneously executed).
 

 [14]
 

 Bed v. Fallon,
 
 12 N.W.2d 396, 398 (Mich. 1943) (concluding a sales agreement, and a purchase order sent 11 days later, were contemporaneously executed);
 
 Carter v. Prairie Oil & Gas Co.,
 
 160 P. 319, 320, 324 (Okla. 1915) (concluding that two warranty deeds, executed five weeks apart, were contemporaneously executed).
 

 [15]
 

 Cadigan
 
 v.
 
 American Trust Company,
 
 281 P.2d 332, 336 (Cal. Ct. App. 1955) (concluding that “the evidence supports the finding that although there was a delay of four months in reducing the contents of the letter to writing, both writings were made as parts of one transaction.”).
 

 [16]
 

 53 Cal. Rptr. 2d 515, 521 (Ct. App. 1996).
 

 [17]
 

 Id.
 
 at 518.
 

 [18]
 

 Id.
 
 at 519.
 

 [19]
 

 99 Nev. 284, 292, 662 P.2d 610, 615 (1983) (requiring only that
 
 “one of the two
 
 refers to the other”) (emphasis added).
 

 [20]
 

 53 Cal. Rptr. 2d at 515.
 

 [21]
 

 Id.
 
 at 518.
 

 [22]
 

 Id.
 

 [23]
 

 Id.
 
 at 519.
 

 [24]
 

 Id.
 
 at 520.
 

 [25]
 

 Id.
 
 at 517.
 

 [26]
 

 Id.
 
 at 520.
 

 [27]
 

 The California Civil Code § 1642 states that “[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.”
 

 [28]
 

 Brookwood, 53 Cal. Rptr. 2d at 520-21.
 

 [29]
 

 Id.
 

 [30]
 

 Although the parties to the two agreements were identical in Collins, which is not the case here,
 
 Collins
 
 applies by extension through our embrace of
 
 Broolcwood.
 

 [31]
 

 Whitemaine contends that she did not voluntarily waive her right to a jury. While Whitemaine failed to raise the issue at trial, and thus we need not consider it, we address it however, because she alleged a constitutional error.
 
 See Grey v.
 
 State, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008);
 
 Old Aztec Mine, Inc. v.
 
 Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). While an arbitration provision is presumptively valid, the petitioning party can avoid it by showing that they did not voluntarily agree to it.
 
 Lowe Enterprises
 
 v.
 
 Dist.
 
 Ct., 118 Nev. 92, 100, 40 P.3d 405, 410 (2002). To determine whether the petitioning party voluntarily agreed to an arbitration provision, this court considers the following four factors: (1) the parties’ negotiations, (2) the provision’s conspicuousness, (3) the parties’ relative bargaining power, and (4) the waiving party’s opportunity to have counsel review the provision.
 
 Id.
 
 at 101, 40 P.3d at 410-11.
 

 
 *313
 
 After weighing these four factors, we conclude that Whitemaine did not overcome the presumption that she knowingly, voluntarily, and intentionally agreed to the arbitration provision in the BAIS agreement. Most importantly, Whitemaine did not present any evidence demonstrating that (1) she did not have the opportunity to negotiate the terms of the BAIS employment agreement, (2) she was unable to read or see the arbitration provision, or (3) she was unable to obtain counsel to review the provision. Moreover, Whitemaine, who holds a series 7 license, Bank of America, and BAIS are all sophisticated parties. Accordingly, we conclude that the district court did not err when it required Whitemaine to arbitrate her employment claims against the respondents because by voluntarily signing the BAIS agreement, which contained an arbitration clause, she expressly waived her right to a jury trial with respect to her claims arising under that agreement and the Bank of America employment agreement.