# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELITE MOVING AND STORAGE, INC.,
Appellant,
vs.
MALCO ENTERPRISES OF NEVADA,
INC., A NEVADA CORPORATION,
Respondent.

No. 67061



FILED

MAY 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment after a short bench trial in a breach of contract action. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

Appellant entered into an agreement to rent a vehicle from respondent on November 16, 2006. The vehicle was returned to respondent with substantial damages sustained after a rollover accident. When appellant failed to pay for the damages, respondent filed the underlying action for breach of contract and related claims. The matter went to arbitration, which resulted in an award in favor of appellant. Respondent requested a trial de novo and after a short bench trial, a judgment was entered in favor of respondent for $20,501.73 in damages. This appeal followed.[1]

---

[1]On March 2, 2016, we stayed this appeal to allow the parties to resolve a pending counterclaim regarding loss-of-use damages. On April 20, 2016, appellant filed a status report reflecting that respondent's loss-of-use counterclaim was denied, thereby finally resolving all remaining claims. Therefore, we vacate the March 2 stay of this appeal.

16-14800

Appellant contends that the lower court erred in finding that there was a valid contract making appellant liable for damages to the vehicle. Appellant argues that the parties' agreement was ambiguous because several versions were produced below, only one of which was signed, and none of which contain initials declining the Loss Damage Waiver (LDW) coverage. Appellant further contends that the lower court should have allowed parol evidence as to the parties' course of dealing in determining whether respondent should be liable for any damage to the vehicle.

Having considered the parties' arguments and reviewed the record, we conclude that the signed rental agreement was a valid contract containing the essential terms, including the date rented, the return date, the rental rate, and the terms of the LDW optional coverage. *See May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) (providing that this court reviews a district court's interpretation of a contract de novo). The designation "Decline" is marked next to the LDW optional service, and no charges for loss or damage coverage were included in the agreement.

Even assuming the contract was ambiguous because no initials appear in the space designated for declining the LDW coverage, the lower court found credible the testimony by appellant's president that it was not his practice to purchase the optional coverage. *See* NRS 104.2202(1) (providing that evidence of the parties' course of dealing may be used to explain, but not contradict, their agreement); *Ringle v. Bruton*, 120 Nev. 82, 91, 86 P.3d 1032, 1037 (2004) (stating that parol evidence is admissible to clarify an ambiguous term as long as it does not contradict the terms of the written agreement); *see also Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004) (this court will not reweigh on appeal

the credibility of witnesses). Appellant has not established, based on the record before us, that the lower court's findings are not supported by substantial evidence. *Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008) (providing that this court reviews for substantial evidence the district court's factual findings as to whether a contract exists and the parties' intentions regarding a contractual provision).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Susan Scann, District Judge
Robert F. Saint-Aubin, Settlement Judge
Hansen Rasmussen, LLC
Mazur & Brooks, A PLC
Eighth District Court Clerk