# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELDAN LLC,
Appellant/Cross-Respondent,
vs.
JOHN GORDANA, AN INDIVIDUAL,
Respondent/Cross-Appellant.

No. 66922

**FILED**

JUN 2 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal and cross-appeal from a district court final judgment in a contract action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Respondent/cross-appellant John Gordana partnered with a non-party to this case to open and operate a restaurant in a commercial space leased from appellant/cross-respondent Eldan LLC. The restaurant's lease was for five years, and the monthly rent was $4,000 with monthly common area maintenance fees (CAMs) of $1,400. The lease contained the following provision: "This lease agreement is contingent upon tenant qualifying for a Liquor License Only." Gordana signed a personal guarantee guaranteeing the payment of rent for the leased space. Shortly after entering the lease, the restaurant stopped making monthly payments, and Eldan evicted the restaurant and brought this suit. The district court denied Gordana's pretrial motion to dismiss, and after a bench trial, ruled in favor of Eldan on its breach of contract claim, but

awarded damages only up to the time that the restaurant's temporary liquor license expired. This appeal and cross-appeal followed.[1]

Gordana first asserts that the district court erred when it did not find that Eldan's action was barred by issue preclusion.[2] Gordana failed, however, to identify any particular issue that had been actually and necessarily litigated in a separate action, and has not done so on appeal. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (identifying the elements of issue preclusion and explaining that issue preclusion does not apply when an identical issue has not previously been "actually and necessarily litigated" such that there was a final ruling on the merits on the issue in the first case). Because the elements of issue preclusion were not met, the district court did not err when it concluded that issue preclusion did not apply.[3] *Id.*

---

[1]Contrary to Eldan's argument, Gordana did not waive his right to appeal from the district court's interlocutory order denying his motion to dismiss. *Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (providing that while an interlocutory order is not independently appealable, it may be considered in the context of an appeal from a final judgment).

[2]Gordana uses the term "collateral estoppel," however, this court previously clarified that it would use the terms "issue preclusion" instead of "collateral estoppel," and "claim preclusion" instead of "res judicata" to refer to the two distinct doctrines of estoppel. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1051, 1054, 194 P.3d 709, 711, 712-13 (2008).

[3]Moreover, it appears from the parties' arguments on appeal that the separate action was resolved by default judgment without fully litigating the merits of any specific issue that would be relevant to the instant case. *In re Sandoval*, 126 Nev. 136, 141, 232 P.3d 422, 425 (2010) (holding that a default judgment does not generate issue preclusion because no issue is actually and necessarily litigated).

Gordana next argues that the case should have been dismissed under NRCP 19 for failure to join a necessary party.[4] Gordana, however, has never addressed in the district court or on appeal why the non-party should be joined if feasible under NRCP 19(a)—an essential showing for a motion to dismiss under NRCP 19. We therefore conclude that the district court did not err when it denied Gordana's NRCP 19 motion to dismiss.

Gordana also argues that the district court abused its discretion when it allowed Eldan to file an untimely reply pleading to Gordana's answer and counterclaims. We conclude that the district court did not abuse its discretion when it allowed Eldan to file a reply. *See* NRCP 6(b) (providing that a district court has discretion when considering an untimely filing). Moreover, Gordana has not demonstrated that he was prejudiced by the untimely reply, and indeed the district court extended to him an extra day to present evidence to address the reply filing.

Gordana additionally argues that Eldan unreasonably withheld consent to assign the lease. The district court, however, heard testimony on this issue and determined that Gordana's witness was not credible. This court will not reweigh credibility of witnesses on appeal, and we conclude the district court did not abuse its discretion as to this matter. *Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004) (providing that this court "will not reweigh the credibility of witnesses on appeal").

---

[4]Gordana preserved his right to raise this argument in the district court by pleading it in his answer. NRCP 12(b)(6), (h)(2) (providing that an objection for failure to join a necessary party may be made by pleading).

SUPREME COURT
OF
NEVADA

(O) 1947A

Finally, both parties attack on appeal the district court's award of damages and its interpretation of the liquor license provision in the lease. "When the facts in a case are not in dispute, contract interpretation is a question of law, which this court reviews de novo." *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1115, 197 P.3d 1032, 1041 (2008). However, courts shall effectuate the parties' intentions, and determining the parties' intentions is a question of fact, which this court reviews for substantial evidence. *Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008); *Anvui, LLC v. G.L. Dragon, LLC*, 123 Nev. 212, 215-16, 163 P.3d 405, 407 (2007). A contract term is ambiguous when it is subject to more than one reasonable interpretation, and ambiguities will be construed against the drafter. *Anvui*, 123 Nev. at 215-16, 163 P.3d at 407.

Here, the lease's liquor license requirement is ambiguous as it does not address the consequences of the restaurant failing to obtain a license and it does not specify which category of license is required. The district court heard testimony about the parties' intent regarding the liquor license contingency and why it was added to the lease, and found that the lease excused payment after the temporary liquor license expired. This finding is supported by the record. *Whitemaine*, 124 Nev. at 308, 183 P.3d at 141. Thus, when the temporary liquor license expired, the restaurant no longer qualified for a liquor license and under the terms of the lease, the lease was no longer in effect.[5] *Anvui*, 123 Nev. at 215, 163

---

[5]We reject Eldan's argument that because Gordana did not make a reasonable good faith effort to obtain a liquor license, he cannot rely on the absence of a license to avoid his lease obligation. The evidence that the
*continued on next page . . .*

P.3d at 407. And because the district court weighed the conflicting evidence regarding damages, we affirm the district court's damages award. *Mort Wallin of Lake Tahoe, Inc. v. Commercial Cabinet Co.*, 105 Nev. 855, 856-57, 784 P.2d 954, 955 (1989) (providing that this court will uphold an award of damages when it is supported by the record).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:     Hon. Nancy L. Allf, District Judge
        Lansford W. Levitt, Settlement Judge
        Chattah Law Group
        Accelerated Law Group
        Eighth District Court Clerk

---

*. . . continued*
restaurant's location was wholly ineligible for a permanent license was never rebutted at trial and thus it was not Gordana's action that caused the lease condition to remain unfulfilled. 13 Williston on Contracts § 39:8 (4th ed.) ("[T]he prevention doctrine assumes a 'but for' test: that but for one party's conduct, . . . the condition . . . would have occurred."); Restatement (Second) of Contracts § 245.