# IN THE SUPREME COURT OF THE STATE OF NEVADA

RA SOUTHEAST LAND, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN SCANN, DISTRICT JUDGE,
Respondents,
and
CITY NATIONAL BANK, A NATIONAL
BANKING ASSOCIATION,
Real Party in Interest.

No. 68778

**FILED**

JUL 27 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order granting a motion to strike a demand for a jury trial.[1]

Having considered the parties' arguments and the record, we agree with the district court that the purchase and sale agreement's (PSA) jury trial waiver was effective to preclude a jury trial on all of RA Southeast's (RAS) counterclaims and portions thereof. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197-98, 179 P.3d

---

[1]The justices of this court voluntarily recused themselves from participation in the decision of this matter. Consequently, the Honorable Robert E. Rose, Senior Justice, the Honorable Scott Freeman, District Judge in the Second Judicial District Court, and the Honorable Jim C. Shirley, District Judge in the Eleventh Judicial District Court, were assigned to participate in the determination of this matter. Nev. Const. art. 6, § 4; SCR 10.

16-23312

556, 558-59 (2008) (recognizing that questions of law are reviewed de novo "even in the context of a writ petition"); *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005) ("Contract interpretation is subject to a de novo standard of review."). We disagree with RAS's contention that its fourth, fifth, and tenth counterclaims do not "relat[e] to" the PSA. As RAS acknowledges, those counterclaims are premised on the existence of a "special relationship" between RAS and City National Bank, which could not exist in the absence of the PSA. *See Phoenix Leasing Inc. v. Sure Broad., Inc.*, 843 F. Supp. 1379, 1388 (D. Nev. 1994) (observing that if the adjudication of a claim "would require reference to" the contract containing a jury trial waiver, then the claim necessarily "relat[es] to" or is "with respect to" that contract)[2]; *cf. Mackintosh v. Jack Matthews & Co.*, 109 Nev. 628, 632-36, 855 P.2d 549, 551-54 (1993) (observing that a "special relationship" between a bank and a purchaser of real property may exist when the bank acts as the seller and the lender).

Similarly, we reject RAS's proposal that its second, third, sixth, eighth, and ninth counterclaims should be split, with a portion of each counterclaim being adjudicated before a jury and a separate portion being adjudicated before a judge. In particular, there is no apparent portion of any counterclaim that is so conceptually distinct from the rest of the counterclaims that it can be seen as *not* "relating to" the PSA, such that it could be split from the rest of the counterclaims and decided by a jury. RAS expressly acknowledged as much in its opposition to City National Bank's motion to strike: "The claims are intertwined, and it

[2]Although RAS contends that the jury trial waiver should be narrowly construed, RAS does not proffer a specific construction of "relating to" that it believes this court should apply.

would be impossible to segregate them without creating irreconcilable conflicts."

Moreover, and as an additional basis for denying the petition, we agree with the district court's conclusion that the PSA and loan documents constituted one overarching agreement under *Whitemaine v. Aniskovich*, 124 Nev. 302, 183 P.3d 137 (2008). RAS's arguments regarding *Whitemaine*'s second and third factors are unavailing. *See id.* at 309-12 & n.31, 183 P.3d at 142-44 & n.31. Accordingly, we

ORDER the petition DENIED.

_____, Sr.J.
Rose

_____, D.J.
Freeman

_____, D.J.
Shirley

cc: Hon. Susan Scann, District Judge
Cappello & Noel, LLP
Sklar Williams LLP
Pisanelli Bice, PLLC
Eighth District Court Clerk