# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL BANKING ASSOCIATION,
Appellant,
vs.
JOAN LEE, A/K/A JEOUNG HIE LEE,
INDIVIDUALLY; AND PRADO, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 69101

FILED

OCT 23 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

BANK OF AMERICA, N.A.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
    and
JOAN LEE, A/K/A JEOUNG HIE LEE,
INDIVIDUALLY; AND PRADO, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Real Parties in Interest.

No. 69306

## ORDER OF REVERSAL AND REMAND

This is a consolidated appeal from a district court order denying a motion to compel arbitration (docket no. 69101) and original petition for a writ of mandamus challenging the denial of a motion to strike a demand for jury trial (docket no. 69306). Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Based on the following, we order a reversal and remand for an evidentiary hearing on whether a valid contract exists and, if so, order that this case be sent to arbitration.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-36130

## BACKGROUND

Appellant/petitioner Bank of America issued to Barcelona Motorcoach, LLC (Barcelona), a $6.3 million construction loan secured, in part, by certain real property and guaranty agreements. Respondent/real party in interest Joan Lee allegedly executed one of the guaranty agreements, thereby promising to pay all sums due and payable to Bank of America. When the loan went into default, Bank of America initiated the underlying suit.

Initially, Bank of America sought the appointment of a receiver to maintain the real property collateral pending a foreclosure sale and related injunctive relief. After foreclosing on the property and holding a trustee's sale, Bank of America amended its complaint to seek a deficiency judgment and assert breach of contract claims against Barcelona and various guarantors, including Lee. Lee eventually learned that one of Bank of America's employees pleaded guilty to forging certain of the underlying loan documents, and moved to amend her answer to assert additional affirmative defenses and counterclaims against Bank of America, in part because she was unsure whether she signed the guaranty agreement. In response, and based on various provisions in the guaranty agreement, Bank of America moved to strike Lee's jury demand and to compel arbitration.

The district court denied Bank of America's omnibus motion, and this consolidated appeal and original petition for a writ of mandamus followed. In its order, the district court made no factual findings or legal conclusions explaining the basis for its ruling. Rather, it merely incorporated by reference the following oral findings from the motion hearing:

The motion is denied for the following reasons: the Plaintiff sought this forum originally on October 4, 2013 for a receivership and that is all—none of the individuals were named but when the Plaintiff chose this forum to file a motion to amend complaint on July 25, 2014 to name the individual guarantors, the Plaintiff chose this forum and now will be required to stay here. Choosing the forum means that I can't allow the Plaintiff now to take an inconsistent position with regard to this case. I find it particularly troublesome, frankly, that when the Lee motion was filed on June 24, 2015 the response here was the motion to strike. That's clearly—it was clearly a defensive move by the Plaintiff after the potential for fraud . . . with regard to some part of this loan or any part of this loan became a part of the record. So the Plaintiff chose this forum and we will litigate this case here with a jury and there will be no arbitration and the case will not be stayed pending the outcome of the binding arbitration.

## DISCUSSION

This consolidated appeal and original writ petition center on the contractual provisions in the guaranty agreement concerning arbitration and jury trial waiver. However, the parties dispute whether a contract exists, which is a factual question to be determined by the district court. *See Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008) (indicating that "whether a contract exists and the parties' intentions regarding a contractual provision are questions of fact"). Because Lee alleges she does not know if she signed the guaranty agreement in light of the forgery, the district court should have held an

evidentiary hearing to determine whether a valid contract exists.[1] *See* NRS 38.219(2); NRS 38.221(1)(b); *see also* 9 U.S.C. § 4 (2012). Without the formation of a valid contract including an agreement to arbitrate and waive jury trial rights, arbitration could not be compelled and a jury trial could not be waived once demanded. Therefore, we conclude that a reversal and remand is necessary so the parties can be afforded an opportunity to develop a factual basis for a determination of whether there exists a valid contract requiring arbitration and waiving the right to a jury trial. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*,

---

[1]The United States Supreme Court held in *Buckeye Check Cashing, Inc. v. Cardegna* that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." 546 U.S. 440, 449 (2006); *but see* NRS 38.219(2) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."). However, this holding does not apply "to challenges going to the very existence of a contract that a party claims never to have agreed to." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1140 (9th Cir. 1991) (citing cases from the Third, Eighth, and Eleventh Circuit Courts of Appeals); *see also Buckeye,* 546 U.S. at 444 fn. 1 (noting "[o]ur opinion today . . . does not speak to" "the issue of whether any agreement between the alleged obligor and obligee was ever concluded" and does not address whether "it is for courts to decide whether the alleged obligor ever signed the contract"). The United States Supreme Court emphasized this distinction in *Granite Rock Co. v. Int'l Bhd. of Teamsters*, stating "that courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* . . . its enforceability or applicability to the dispute is in issue. Where a party contests either or both matters, the court must resolve the disagreement." 561 U.S. 287, 299-300 (2010) (internal quotations and citation omitted). Therefore, we hold that the district court, and not the arbitrator, is to determine whether a contract exists.

128 Nev. 289, 300, 279 P.3d 166, 173 (2012) (concluding that this court has "the power to order a limited remand to resolve factual issues").

Assuming a valid contract exists, the parties further dispute the validity and enforceability of the arbitration and jury trial waiver provisions. Section 21 of the guaranty agreement states, in relevant parts, that litigation based on contract enforceability does not constitute waiver-by-litigation conduct. *Nev. Gold & Casinos, Inc. v. Am. Heritage, Inc.*, 121 Nev. 84, 90, 110 P.3d 481, 485 (2005) (holding that litigation-conduct waiver occurs "when the party seeking to arbitrate (1) knew of [its] right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the other party by [its] inconsistent acts"). We therefore conclude that if the district court determines that a valid contract exists, this case should be sent to the arbitrator. *BG Grp., PLC v. Republic of Argentina*, 134 S. Ct. 1198, 1207 (2014) (holding that "courts presume that the parties intend arbitrators, not courts, to decide disputes about . . . waiver, delay, or a like defense to arbitrability") (internal citations and quotations omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) (holding that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."); *Principal Invs., Inc. v. Harrison*, 132 Nev., Adv. Op. 2, 366 P.3d 688, 693 (stating that, given the strong presumption favoring arbitration, waiver of arbitration is not inferred lightly); *cert. denied*, ___ U.S. ___, 137 S. Ct. 67 (2016); *Lowe Enters. Residential Partners, L.P. v. Eighth Judicial Dist. Ct.*, 118 Nev. 92, 100, 40 P.3d 405, 410 (2002) ("[I]n accordance with Nevada's public policy

favoring the enforceability of contracts, we conclude that contractual jury trial waivers are presumptively valid . . ." (footnote omitted)).

Therefore, we

ORDER this matter REVERSED AND REMAND for proceedings consistent with this order.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Nancy L. Allf, District Judge
Lansford W. Levitt, Settlement Judge
Holland & Hart LLP/Las Vegas
Enenstein Ribakoff La Vina & Pham/Las Vegas
Semenza Kircher Rickard,
Eighth District Court Clerk