# IN THE SUPREME COURT OF THE STATE OF NEVADA

POUND FOR POUND PROMOTIONS,
INC., A NEVADA CORPORATION,
Appellant,
vs.
GOLDEN BOY PROMOTIONS, INC., A
CALIFORNIA CORPORATION,
Respondent.

No. 73554

**FILED**

DEC 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a motion to dismiss for forum non conveniens. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

On June 16, 2005, appellant Pound for Pound Promotions, Inc. entered into a written agreement with respondent Golden Boy Promotions, Inc. The agreement consisted of two term sheets—the Promotional Rights Term Sheet and the Executive Term Sheet. Under the Promotional Rights Term Sheet, Pound for Pound granted Golden Boy the exclusive right to promote Shane Mosely for five fights, subject to extension or termination. Under the Executive Term Sheet, Pound for Pound further agreed that Mosely would scout and recruit fighters as a Golden Boy executive. Upon fully performing under the Promotional Rights Term Sheet, Pound for Pound would be entitled to a maximum of 5% equity interest in Golden Boy and would also be entitled to receive Golden Boy's annual financial statements, as prescribed in the Executive Term Sheet. Pursuant to the parties' written agreement, the Promotional Rights Term Sheet mandated that "[a]ll parties hereto submit to the exclusive jurisdiction of the state and

federal courts sitting in Clark County with respect to any dispute resulting from this [Promotional Rights Term Sheet]," and the Executive Term Sheet mandated that "[a]ny dispute between the parties shall be settled by final and binding arbitration" and that "[s]uch arbitration shall be heard in Los Angeles, California."

Mosely participated in nine boxing matches promoted exclusively by Golden Boy. However, in November 2010, Pound for Pound announced that Mosely would fight Manny Pacquiao, and that Mosely's own promotional company, not Golden Boy, would promote this fight. In response, Golden Boy sent Pound for Pound a notice of default, asserting that Mosely's promotional activities in connection with the Mosely-Pacquiao fight constituted a material breach of the Executive Term Sheet. Golden Boy terminated the Executive Term Sheet and sent Pound for Pound a $1,000 check for its shares of common stock.

Pound for Pound filed a complaint against Golden Boy in the district court, without attaching either of the term sheets. Pound for Pound alleged that Golden Boy breached the parties' overarching agreement, and further alleged that the Promotional Rights Term Sheet expired after Mosely's fifth fight. Pound for Pound sought a minimum of $15 million in damages due to its 5% equity interest in Golden Boy, and net revenues it allegedly never received from fights that Golden Boy promoted involving Mosely himself or boxers he recruited. Pound for Pound also sought declaratory relief concerning the parties' rights and obligations under their agreement, and further sought Golden Boy's financial and accounting statements. Golden Boy filed a notice of removal, removing this action to the federal court based on diversity jurisdiction, but the federal court remanded this case back to the district court.

Golden Boy filed a motion to dismiss, along with affidavits, on the grounds of forum non conveniens. In particular, Golden Boy argued that the arbitration clause under the Executive Term Sheet governed, and thus, binding arbitration in California was the proper forum for litigation. Alternatively, Golden Boy argued that its motion should still be granted under the traditional forum non conveniens analysis.

After hearing the parties' arguments on Golden Boy's motion, the district court determined that the dispute at issue arose from the Executive Term Sheet, not the Promotional Term Sheet. However, the district court also stated that "[t]here may be the need to look at the Promotional [Term Sheet] to help understand what the outcome was as far as the requirements in the [E]xecutive [Term Sheet]." Because the district court ultimately granted Golden Boy's motion to dismiss based on interpretation of the parties' agreement and Pound for Pound's complaint, the district court did not analyze the doctrine of forum non conveniens.

On appeal, the parties dispute the district court's decision to grant Golden Boy's motion to dismiss.[1] In interpreting the parties written agreement de novo, we first conclude that the district court erred in interpreting the two term sheets as separate and independent contracts.

"We review a district court's order dismissing an action for forum non conveniens for an abuse of discretion." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 300, 350 P.3d 392, 395-96 (2015). However, "this court reviews contract issues de novo," and when

---

[1]Although the parties also disagree as to whether the district court should have considered evidence outside the complaint when ruling on Golden Boy's motion to dismiss, we need not decide this issue, as other independent grounds warrant reversal and remand.

"the language of the contract is clear and unambiguous . . . the contract will be enforced as written." *Am. First Fed. Credit Union v. Soro*, 131 Nev. 737, 739, 359 P.3d 105, 106 (2015) (internal quotation marks omitted).

Interpretation of the parties' agreement requires this court to determine whether the two term sheets should be interpreted as a single agreement or as two separate contracts. In determining whether two contracts constitute a single agreement, "this court [has] concluded that two instruments are presumed to be a single contract if (1) they are contemporaneously executed, (2) they concern the same subject matter, and (3) one of the instruments refers to the other." *Whitemaine v. Aniskovich*, 124 Nev. 302, 308, 183 P.3d 137, 141 (2008). If answered in the affirmative, the two instruments must "receive the same construction as if their several provisions were in one and the same instrument." *Id.* at 308 n.11, 183 P.3d at 141 n.11 (internal quotation marks omitted).

First, the parties executed the Professional Term Sheet and the Executive Term Sheet contemporaneously on June 16, 2005. Second, these two term sheets concerned the same subject matter, namely, the boxing services of Mosely that Pound for Pound would provide for Golden Boy in return for revenue and equity. Third, the Executive Term Sheet referred to the Promotional Rights Term Sheet, not only in its equity provision, but also in its termination provision. Moreover, the district court acknowledged the possible need to refer to the Promotional Rights Term Sheet in order to understand the Executive Term Sheet. Therefore, the two term sheets are presumed to be a single contract, and thus, the district court erred in treating them separately.

Because the provisions of the two term sheets must be construed together, we next conclude that the forum selection clause in the

Promotional Rights Term Sheet did not conflict with the arbitration clause in the Executive Term Sheet, rather, the clauses are harmonious. Other jurisdictions support our conclusion. *See Branch v. Mays*, 265 F. Supp. 3d 801, 805 (E.D. Tenn. 2017) (recognizing that "the weight of authority holds [that] mandatory arbitration clauses and forum-selection clauses are *not* mutually exclusive, but rather are complementary"); *see also, Pers. Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 391-96 (5th Cir. 2002); *Palese v. Tanner Bolt & Nut, Inc.*, 985 F. Supp. 2d 372, 374, 378 (E.D.N.Y. 2013); *Advance Tank & Constr. Co., Inc. v. Gulf Coast Asphalt Co., LLC*, 968 So.2d 520, 527 (Ala. 2006); *Internet E., Inc. v. Duro Commc'ns, Inc.*, 553 S.E.2d 84, 87 (N.C. App. 2001).

Finally, we conclude that the district court erred by not analyzing the doctrine of forum non conveniens. Therefore, we reverse and remand for the district court to apply the fact-intensive inquiry the doctrine of forum non conveniens requires. On remand, the district court "must first determine the level of deference owed to the plaintiff's forum choice," and then "determine whether an adequate alternative forum exists." *Provincial Gov't of Marinduque*, 131 Nev. at 300-01, 350 P.3d at 396. "If an adequate alternative forum does exist, the court must then weigh public and private interest factors to determine whether dismissal is warranted."[2] *Id.* at 301,

---

[2]Other factors include, "access to sources of proof, . . . the availability of a view of the premises, if necessary," "the availability of compulsory process for unwilling witnesses, the cost of obtaining testimony from willing witnesses, and the enforceability of a judgment." *Eaton v. Second Judicial Dist. Court*, 96 Nev. 773, 774, 616 P.2d 400, 401 (1980), *overruled on other grounds by Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "The court should also consider whether failure to apply the doctrine would subject the defendant to harassment, oppression, vexatiousness or inconvenience." *Id.*

350 P.3d at 396 (internal quotation marks omitted). We note that "[d]ismissal for forum non conveniens is appropriate only in exceptional circumstances when the factors weigh strongly in favor of another forum." *Id.* (internal quotation marks omitted). Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Kathleen E. Delaney, District Judge
Stephen E. Haberfeld, Settlement Judge
Anderson McPharlin & Conners LLP/Las Vegas
Law Offices of Marc T. Little
Greenberg Glusker Fields Claman & Machtinger
Kennedy & Couvillier, PLLC
Eighth District Court Clerk