# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES MAGIC MESA ST TRUST,
Appellant,
vs.
JPMORGAN CHASE BANK, N.A.,
Respondent.

No. 73627

FILED

SEP 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in an action to quiet title.[1] Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Freddie Mac purchased a real property loan in July 2007 and three years later, in December 2010, assigned the deed of trust to Chase Home Finance, which later merged with respondent JPMorgan Chase Bank, N.A. (Chase). The owners of the property became delinquent on their HOA assessment fees, leading the HOA to conduct a non-judicial foreclosure sale. 6119 Magic Mesa St Trust purchased the property at the foreclosure sale and later transferred title to appellant Saticoy Bay LLC Series Magic Mesa St Trust (Saticoy Bay). Saticoy Bay brought suit seeking to quiet title. The district court conducted a three-day bench trial and held that the Federal Foreclosure Bar preempted NRS Chapter 116 such that an HOA foreclosure sale cannot extinguish Freddie Mac's property interest while Freddie Mac is under the Federal Housing Finance Agency's (FHFA's) conservatorship and without the consent of the FHFA. The district court then concluded that the HOA foreclosure sale did not extinguish Freddie

---

[1]In accordance with NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-39314

Mac's deed of trust or Chase's interest in the property. Saticoy Bay now appeals.

## DISCUSSION

*Chase proved that it is the servicer of the loan*

Saticoy Bay argues that the Federal Foreclosure Bar does not protect Chase's interest in the property because (1) the FHFA "never 'acted' as a party either as a 'conservator or receiver,'"[2] and (2) Chase did not present sufficient evidence that it had a contract to service the loan. In *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC,* 133 Nev. 247, 251, 396 P.3d 754, 758 (2017), we held that "the servicer of a loan owned by a regulated entity may argue that the Federal Foreclosure Bar preempts NRS 116.3116," even though the FHFA was not a party to the case. Thus, the FHFA need not have acted as a party for Chase to invoke the protections of the Federal Foreclosure Bar, so long as Chase was the servicer of the loan. *See id.*

This court gives deference to a district court's factual findings and upholds them unless clearly erroneous and not supported by substantial evidence. *Weddell v. H2O, Inc.,* 128 Nev. 94, 101, 271 P.3d 743, 748 (2012). "'Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Whitemaine v. Aniskovich,* 124 Nev. 302, 308, 183 P.3d 137, 141 (2008)). The district court found that "Chase is the contractually authorized servicer and record beneficiary of the Deed of Trust for Freddie Mac." To support this conclusion, the district court cited trial testimony by Dean Meyer, the Director of Loss Mitigation for Freddie Mac, and Susan Newby, a Mortgage

---

[2]The Federal Foreclosure Bar provides that "[t]he provisions of this subsection shall apply with respect to the Agency in any case in which the Agency is acting as a conservator or a receiver." 12 U.S.C. § 4617(j)(7).

Banking Research Analyst II for Chase. Saticoy Bay now asserts that Meyer and Newby's testimony is insufficient to prove the existence of a servicing relationship because the contract itself was not admitted into evidence and neither witness testified to personally reviewing the servicing contract. We disagree.

Attached to Chase's motion for summary judgment was a declaration by Meyer noting that Chase serviced the loan on behalf of Freddie Mac. The declaration also contained exhibits of business records from Freddie Mac's internal databases indicating that Chase began servicing the loan on July 16, 2007, and that it continues to service the loan today. Meyer also testified at trial as to the authenticity and contents of these screenshots, specifically stating that Chase was the servicer of the loan on behalf of Freddie Mac. Moreover, Newby testified as to the authenticity of screenshots from Chase's internal database systems wherein the original lender transferred the loan at issue to Chase for servicing. Newby also specifically testified that Chase serviced the loan on behalf of Freddie Mac. In light of Freddie Mac's own records and declaration showing that Chase was, in fact, Freddie Mac's loan servicer and the fact that loan servicers are generally authorized to pursue a loan owner's rights, we conclude that substantial evidence supports the finding that Chase was contractually obligated to service the loan. *Cf. Nationstar Mortg.*, 133 Nev. at 250, 396 P.3d at 757 (recognizing and agreeing with those courts that have concluded that "a contractually authorized loan servicer is entitled to take action to protect the loan owner's interests"); *see also Berezovsky v. Moniz*, 869 F.3d 923, 932-33 (9th Cir. 2017) (holding computer printouts

and declarations, in conjunction with the Freddie Mac Servicing Guide, sufficient to establish contractual authorization).[3]

*Freddie Mac has a valid interest in the property*

Saticoy Bay also argues that Freddie Mac did not have a valid interest in the property at the time of the HOA foreclosure sale because Freddie Mac's interest was not recorded and because Saticoy Bay took title to the property as a bona fide purchaser. As we clarified in *In re Montierth*, 131 Nev. 543, 547-48, 354 P.3d 648, 650-51 (2015), "even though a promissory note and accompanying deed of trust may be split, the note nevertheless remains fully secured by the deed of trust when the record deed of trust beneficiary is in an agency relationship with the note holder." *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. Adv. Op. 30, 445 P.3d 846, 849 (2019) (internal quotation marks omitted). Substantial evidence supports the district court's finding that Freddie Mac owned the note and that Chase is Freddie Mac's loan servicer. While no assignment to Freddie Mac of the beneficial interest in the deed of trust was recorded, such a recordation was unnecessary as we recently held in *Daisy Trust*, 445 P.3d at 849 (discussing NRS 106.210 in holding "Nevada's recording statutes [do] not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest."). Because substantial evidence supports the district court's findings that Freddie Mac had a valid interest in the loan and Chase was its servicer, the district court did not err in

---

[3]Saticoy Bay also argues that the HOA foreclosure sale extinguished Freddie Mac's deed of trust, and that the Federal Housing Finance Agency (FHFA) implicitly consented to the extinguishment of its alleged interest. This court's decision in *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363 (2018) forecloses these arguments.

concluding that the HOA foreclosure sale did not extinguish Freddie Mac's deed of trust or Chase's interest in the property.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

_____, J.          _____, J.
Cadish                                 Silver

cc:     Hon. Joanna Kishner, District Judge
        Law Offices of Michael F. Bohn, Ltd.
        Smith Larsen & Wixom
        Arnold & Porter Kaye Scholer LLP
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[4]Saticoy Bay also argues that it was a bona fide purchaser. However, Saticoy Bay did not raise this argument in the district court, and therefore this argument is waived on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").