IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**
February 09, 2024 02:43 PM
SCT-CIV-2019-0060
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| NELSON CRUZ,<br>Appellant/Plaintiff,<br><br>v.<br><br>ST. CROIX FINANCIAL CENTER, INC.<br>d/b/a TAMARIND REEF HOTEL,<br>Appellee/Defendant. | ) S. Ct. Civ. No. 2019-0060<br>) Re: Super. Ct. Civ. No. 209/2018 (STX)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Douglas A. Brady

Argued: February 9, 2021
Filed: February 9, 2024

Cite as: 2024 VI 11

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and
**IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Rhea R. Lawrence, Esq.**
**Lee J. Rohn, Esq.**
Law Offices of Lee J. Rohn and Associates, LLC
St. Croix, U.S.V.I.
*Attorneys for Appellant,*

**Andrew C. Simpson, Esq.**
Andrew C. Simpson P.C.
St. Croix, U.S.V.I.
*Attorney for Appellee.*

## OPINION OF THE COURT

**CABRET, Associate Justice.**

¶1      Nelson Cruz appeals from the Superior Court's June 25, 2019 and March 2, 2020 orders

which compelled arbitration and dismissed his complaint without prejudice. For the reasons

discussed below, we affirm.

## I. BACKGROUND

¶2    St. Croix Financial Center, Inc. ("SCFC") owns and operates the Tamarind Reef Resort

and Green Cay Marina. In November 2016, SCFC hired Cruz as a maintenance worker at the

resort. As part of the hiring process, Cruz signed an arbitration agreement that read, in its entirety,

as follows:

> I agree that I will settle any and all previously asserted claims, disputes or controversies arising out of or relating to my application or candidacy of employment, employment and/or cessation of employment with the Tamarind Reef Hotel, [and] the Deep End Bar . . . , exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common laws, such as Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including amendment of the Civil Rights Act of 1991, the Americans with Disabilities Act, the law of contract and law of tort.

(J.A. 93).

¶3    After a series of incidents, SCFC terminated Cruz's employment on May 8, 2017. On June

7, 2018, Cruz filed a complaint against SCFC in the Superior Court, asserting multiple causes of

action, including wrongful discharge. SCFC filed an answer to the complaint on July 9, 2018, and

the parties then engaged in discovery. However, on January 28, 2019, SCFC filed a motion to

compel arbitration and to dismiss Cruz's complaint for lack of subject matter jurisdiction, based

on the arbitration agreement he had signed at hiring.

¶4    Cruz filed a timely opposition to SCFC's motion on February 19, 2019, which opposed

arbitration on numerous grounds, including that the agreement was unconscionable. On May 7,

2019, Cruz filed a motion, which SCFC later opposed, that requested leave to file a supplemental

brief in opposition, to argue that the arbitration agreement did not extend to the causes of action

asserted in his complaint because he had agreed only to arbitrate "previously asserted claims."

¶5    In a June 25, 2019 order, the Superior Court denied Cruz's motion for leave to file a supplemental brief on grounds that the arguments made therein were unpersuasive, and granted SCFC's motion to compel arbitration. The Superior Court, however, did not dismiss Cruz's complaint, but only ordered the proceeding stayed for 30 days so that the parties could meet and confer to agree upon an arbitrator.

¶6    Even though the Superior Court had not dismissed his complaint, Cruz filed a notice of appeal with this Court on July 25, 2019, which requested that the appeal be held in abeyance until the Superior Court issued a final judgment dismissing the case. In addition, the parties never agreed on an arbitrator or otherwise participated in the arbitration ordered by the Superior Court. The Superior Court, in a March 2, 2020 order, *sua sponte* dismissed Cruz's complaint without prejudice in order to permit Cruz to proceed with his appeal of the June 25, 2019 order.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

¶7    This Court has jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit 4, § 32(a). Although on July 25, 2019, Cruz filed a notice of appeal with this Court from the Superior Court's June 25, 2019 order, that order did not dismiss his complaint, but only compelled arbitration and stayed the proceeding for 30 days. While courts remain deeply split on the question of whether an order compelling arbitration but declining to dismiss the case constitutes an appealable final judgment,[1] we need not decide that question because the Superior Court subsequently entered an

---

[1] *Compare Sawyers v. Herrin-Gear Chevrolet Co.*, 26 So. 3d 1026, 1034 (Miss. 2010); *Kremer v. Rural Cmty. Ins. Co.*, 788 N.W.2d 538, 549 (Neb. 2010); *Wein v. Morris*, 944 A.2d 642, 650 (N.J.

*Cruz v. St. Croix Financial Center*  2024 VI 11
S. Ct. Civ. No. 2019-0060
Opinion of the Court
Page 4 of 10

order of dismissal on March 2, 2020. *See Rohn v. People*, 57 V.I. 637, 642 n.4 (V.I. 2012)

(observing that "subsequent events may ripen a prematurely filed appeal") (quoting *Harvey v.*

*Christopher*, 55 V.I. 565, 571 (V.I. 2009)); *accord*, V.I. R. APP. P. 5(a)(1) (providing that a notice

of appeal filed before entry of a judgment or order "is treated as filed on the date of and after the

entry of judgment").

¶8 "Our review of the Superior Court's application of law is plenary, while findings of fact are

reviewed for clear error." *Whyte v. Bockino*, 69 V.I. 749, 754 (V.I. 2018) (internal quotation marks

and citation omitted). Because it constitutes a question of law, we "exercise plenary review [over

the Superior Court's] conclusion that an arbitration clause is enforceable." *Id.*

## B. Construction of Arbitration Agreement

¶9 On appeal, Cruz renews his argument that the arbitration agreement he executed as part of

the hiring process does not encompass the causes of action in his complaint.[2] Specifically, Cruz

maintains that he had only agreed to arbitrate "previously asserted claims," J.A. 93, and that the

causes of action asserted in his complaint could not have been "previously asserted" because they

---

2008); *Cabrini Med. Ctr. v. Desina*, 479 N.E.2d 217 (N.Y. 1985) (holding that decisions denying or compelling arbitration are final appealable orders) *with Andrew v. Am. Imp. Ctr.*, 110 A.3d 626, 630 (D.C. 2015); *Powell v. Cannon*, 79 P.3d 799, 804 (Utah 2008); *McGraw v. Am. Tobacco Co.*, 681 S.E.2d 96, 106 (W.Va. 2009); *Dennis v. Jack Dennis Sports, Inc.*, 253 P.3d 495, 496 (Wyo. 2011) (holding that such orders are not immediately appealable).

[2] In its appellate brief, SCFC contends that this argument is not properly before this Court because it had been made for the first time in Cruz's motion to file a supplemental brief, which the Superior Court ultimately denied. We disagree. Pursuant to Rule 4(h) of the Virgin Islands Rules of Appellate Procedure, "[o]nly issues and arguments fairly presented to the Superior Court may be presented for review on appeal." "To determine whether an issue was fairly presented and preserved for appeal, th[is] court disregards form and relies upon substance." *Ubiles v. People*, 66 V.I. 572, 583 (V.I. 2017) (internal quotation marks omitted). While, as a technical matter, the Superior Court denied Cruz's motion to file a supplemental brief, it expressly did so because "[t]he substantive content" of the arguments made therein were "unpersuasive." (J.A. 324 n.1). Because the Superior Court had the opportunity to consider, review, and address his argument, Cruz fairly presented this issue to the Superior Court. *See World Fresh Markets, LLC v. Henry*, 71 V.I. 1161, 1172 (V.I. 2019).

involve events that occurred after he signed the agreement in November 2016.

¶10    We disagree. Because arbitration agreements are contracts, we construe them in accordance with general principles of contract law. *Whyte*, 69 V.I. at 764. Thus, as with any other contract, we "strive to most appropriately implement the intent of the parties." *Gov't of the V.I., Dep't of Educ. v. St. Thomas/St. John Educ. Administrators' Ass'n, Local 101*, 67 V.I. 623, 638 (V.I. 2017). "Where the language of a contract is clear and unambiguous, the parties' intent must be derived from the plain meaning of its terms." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 625 (V.I. 2017). Importantly, in construing a contract, courts cannot interpret individual words or phrases "in isolation" but rather must do so "in the context of the entire agreement." *United Corp. v. Tutu Park, Ltd.*, 55 V.I. 702, 713 (V.I. 2011). In doing so, it must consider "what the[] words would mean in the mouth of a normal speaker of English, using them in the circumstances in which they were used." *Id.* at 719 n.14.

¶11    Here, Cruz places tremendous emphasis on the phrase "previously asserted claims." (J.A. 93.) He ignores, however, the language that occurs immediately after that phrase: that he agrees to arbitrate "previously asserted claims, disputes or controversies arising out of or relating to my application or candidacy of employment, employment and/or cessation of employment." (J.A. 93.) Under traditional rules of English grammar, an adjective modifies a noun that immediately follows it. *See Gilbert v. People*, 52 V.I. 350, 357 (V.I. 2009). And as this Court has previously explained, pursuant to another traditional rule of English grammar—the rule of the last antecedent—"a limiting clause or phrase" is typically "read as modifying only the noun or phrase that it immediately follows." *Carty v. People*, 2022 VI 2, ¶ 85.

¶12    Here, the adjective phrase "previously asserted" immediately precedes the word "claims" and the limiting clause "arising out of or relating to my application candidacy of employment,

employment and/or cessation of employment" appears after the phrase "disputes or controversies."

As such, under traditional rules of English grammar, Cruz agreed to arbitrate two distinct and independent types of matters with SCFC: (1) "previously asserted claims," and (2) "disputes or controversies arising out of or relating to my application or candidacy of employment, employment and/or cessation of employment." This construction is consistent not only with the rules of English grammar, but common sense: because Cruz executed the arbitration agreement as part of the hiring process and had not yet commenced his employment with SCFC, it is literally impossible for him to have "previously asserted" any "claims, disputes or controversies arising out of or relating to" his "employment and/or cessation of employment." In other words, were this Court to interpret the arbitration agreement in the manner Cruz proposes, it would render the phrase "employment and/or cessation of employment" completely superfluous. *See Weary v. Long Reef Condo. Ass'n*, 57 V.I. 163, 175 (V.I. 2012) ("Any . . . reading which renders contract provisions pointless, superfluous, or ineffective violates basic notions of contract interpretation[] and leads to an absurd result which should not be entertained") (citations omitted). Because the causes of action asserted in his complaint all relate to his "employment and/or cessation of employment" with SCFC, the Superior Court committed no error when it held that those claims are subject to arbitration.

## C. Unconscionability

¶13     Cruz further argues that the arbitration agreement he signed as part of the hiring process is substantively unconscionable because it was a contract of adhesion "offered by [SCFC] on a take it or leave it basis" and "had no waiver of costs provisions where financial hardship is demonstrated." (Appellant's Br. 21.) SCFC counters by asserting that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), governs this dispute, and that the Supreme Court of the United States has already held that an arbitration agreement's silence as to allocation of costs, without

more, "is plainly insufficient to render it unenforceable" under the FAA. *Green Tree Fin. Corp.*

*v. Randolph*, 531 U.S. 79, 89 (2000). Cruz, however, maintains that it is the Virgin Islands

common law of arbitration, and not the FAA, that governs this issue.

¶14    We agree with Cruz that the FAA is not applicable to this dispute. Both this Court and the

United States Court of Appeals for the Third Circuit have held that "because the FAA is premised

on Congress's power to regulate interstate commerce—and not Congress's plenary powers under

the territorial clause—even in the context of Virgin Islands local courts, 'a contract comes within

the purview of the FAA only when an interstate nexus is shown,' which 'coincides with that of the

Commerce Clause.'" *Allen v. HOVENSA, LLC*, 59 V.I. 430, 442 n.2 (V.I. 2013) (quoting *Gov't

of the V.I. v. United Indus. Workers*, 169 F.3d 172, 176 (3d Cir. 1999)). It is the party seeking to

compel arbitration under the FAA that must "show that the contract evidences an interstate nexus."

*Whyte*, 69 V.I. at 761-62.

¶15    In its June 25, 2019 order, the Superior Court determined that "the activities of SCFC affect

interstate commerce" because the Tamarind Reef Resort "provides lodging and a marina for off-

island guests" and because "posted reviews at www.tripadvisor.com" include reviews "from guests

from at least 18 states in the United States and three foreign countries." (J.A. 330.) But these

findings are deficient in one very important respect: they are not supported by any evidence in the

record.

¶16    SCFC, as the party seeking to apply the FAA to this proceeding, possessed the burden of

proving an interstate nexus. But while this burden is "relatively low," *Whyte*, 69 V.I. at 761, it "is

not so low as to be non-existent." *Johnson v. Altamirano*, 418 F.Supp.3d 530, 564 (S.D. Cal.

2019). In its motion to compel arbitration, SCFC stated that

> There is more than a sufficient interstate nexus in this case. Cruz was a
> maintenance worker at the Tamarind Reef Resort. *See* Exhibit 2 (Letter, offer for

full-time employment). The resort provides lodging and a marina for off-island resort guests and visitors. *See* www.tamarindreefresort.com. *See also* the reviews at tripadvisor.com, which frequently include the home location of the persons providing the review. The Tamarind Reef Resort's general business of providing lodging and marina berths for visitors from the Caribbean, the Continental United States, and abroad satisfies the interstate nexus requirement. Thus, the FAA applies in this case.

(J.A. 43-44.) But "unsworn representations of an attorney are not evidence." *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011). And while SCFC directed the Superior Court to the www.tamarindreefresort.com and www.tripadvisor.com websites, it failed to provide copies of those websites (or relevant portions thereof), and thus there is no way to ascertain the contents of those websites and whether they provide the minimum evidentiary basis needed to establish those facts. This is particularly problematic given the naked citation to www.tripadvisor.com without even referencing any particular review. Importantly, it is well-established that the truth or veracity of the contents on a party's own website are not facts amenable to judicial notice. *See* V.I. R. EVID. 201(b)(2) (providing that judicial notice may be taken with respect to "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also See Rivera v. Marriott Int'l, Inc.*, 456 F. Supp. 3d 330, 337-39 (D.P.R. 2020) (denying a party's request for the court to take judicial notice of a website for the truth of its contents); *Judicial Notice of Material on Internet*, 29 AM. JUR. 2D *Evidence* § 95 ("A court may take judicial notice of Internet material, including Internet archive documents, as well as the existence of websites and blogs, but it may not accept their contents as true."). As a result, SCFC failed to meet even the "relatively low" burden of establishing an interstate nexus due to its complete failure to support its motion with *any* admissible evidence.

¶17    Yet although the FAA is inapplicable to this matter due to SCFC's failure to establish an interstate nexus, we disagree with Cruz that the arbitration agreement is unconscionable under

Virgin Islands law.[3] Cruz, as the party challenging the arbitration agreement on unconscionability grounds, possessed the burden of proving that the agreement is unconscionable. *Allen*, 59 V.I. at 440. But while Cruz asserts that the arbitration agreement's silence on who bears the cost of arbitration raises the possibility that "the arbitral forum [may] becom[e] prohibitively expensive as a means of obtaining redress," *Allen*, 59 V.I. at 440, he has failed to come forth with any evidence demonstrating an inability to pay the costs of arbitration other than his counsel's unsworn representation that he is "a person of limited financial means."[4] (Appellant's Br. 21.) Nor does the record contain any evidence of what the costs of arbitration would be or that SCFC intended to allocate them in a disproportional manner; in fact, such a record could very well have been developed had Cruz met and conferred with SCFC to agree upon an arbitrator during the 30-day stay the Superior Court provided for in its June 25, 2019 order. And even if we were to assume *arguendo* that Cruz could not afford to pay the costs of arbitration, Cruz has not provided any legal argument to support setting aside the arbitration agreement in its entirety as opposed to compelling arbitration and providing a narrower remedy that directly addresses the issue of cost allocation. *See, e.g., Shervington v. Gallows Bay Hardware, Inc.*, Civ. No. 2003/0165, 2009 WL 1650414, at *3 (D.V.I. June 11, 2009) (unpublished) (enforcing arbitration agreement while severing specific provisions found to be unconscionable); *In re Poly-America, L.P.*, 262 S.W.3d 337, 360 (Tex.

---

[3] We have previously acknowledged that Virgin Islands statutory law addresses arbitration clauses in employment contracts, including providing that "[a]n employer . . . may not require an employee to arbitrate a dispute as a condition of employment," 24 V.I.C. § 74a, which may well be operative in cases where the FAA does not apply. *Whyte*, 69 V.I. at 757 n.5. In this case, however, neither party has invoked any of these statutory provisions in filings in either this Court or the Superior Court. Therefore, the effect—if any—of those provisions on this case is waived for purposes of this appeal. *See* V.I. R. APP. P. 4(h), 21(m).

[4] In fact, the Superior Court docket reflects that Cruz did not file a motion to proceed *in forma pauperis* in the underlying proceeding, but in fact paid the filing fee and appeared through retained counsel.

2008) (compelling arbitration while severing unconscionable provisions of the arbitration agreement); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 208 (1981) ("If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result."). Therefore, while the Superior Court erroneously relied on case law interpreting the FAA, we nevertheless affirm its ultimate holding that Cruz failed to establish that the arbitration agreement was unconscionable.

### III. CONCLUSION

¶18     The Superior Court correctly determined that the causes of action asserted in Cruz's complaint were subject to the arbitration agreement. And while the Superior Court erred when it held that the FAA governed the parties' arbitration agreement, ultimately it correctly held that Cruz failed to meet his burden of establishing unconscionability. Accordingly, we affirm the Superior Court's June 25, 2019 and March 2, 2020 orders.

**Dated this 9th day of February, 2024.**

**BY THE COURT:**

**MARIA M. CABRET**
**Associate Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: **/s/ Reisha Corneiro**
    **Deputy Clerk**

**Dated**: February 9, 2024